# Montgomery, Trustee *v*. Enslen, Receiver.

*Proceeding in Equity to enjoin Prosecution of Suit at Law.*

1. *Appointment of receiver; his possession can not be interfered with on the ground of error in the order appointing him.*—A decree appointing a receiver in accordance with the prayer of the bill, can not be collaterally assailed; nor is it competent for any one to interfere with the possession of a receiver on the ground that the order appointing him ought not to have been made. Actual notice of the appointment of a receiver is sufficient to render any interference with his possession of the property placed in his hands by the order of the court a contempt, and a formal notice is not necessary.

2. *Same; when receiver should be put in possession of all the property of a corporation.*—Where in a bill filed against an iron manufacturing company, for the purpose of having a receiver

[Montgomery, Trustee v. Enslen, Receiver.]

of said corporation appointed, the prayer asks that a receiver be appointed for said company and that he take possession of the property and assets of said company; and carry on its business for the benefit of the creditors of said corporation, a decree, which, after appointing the receiver, orders him to receive and hold all of the property, both real and personal, and all the assets, choses in action and franchises of the company, etc., is not subject to the objection that the court, in ordering the receiver so appointed, to take possession of the property of the defendant corporation should have been confined only to such property as is specifically described in the bill; and if it was proper for the receiver to be appointed, such decree is free from error.

3. *Corporations; trust in favor of creditors; case at bar.*—Where a corporation passes a resolution to sell and convey certain personal property to a given named person as trustee for one of its creditors, but at the time of the passage of such resolution, there were no authorized agents of the creditor present, nor has the creditor ever accepted the benefit of the provisions of said resolution, there was no complete sale to said creditor or the trustee for his benefit; and such resolution confers no title or right of possession of the property described to the trustee named therein.

5. *Receivership; action of trover can not be brought against receiver without permission of court; injunction.*—Where a receiver who has been duly and legally appointed in a suit pending in the chancery court, under orders of the court, takes possession of the property of the defendant corporation, and in obedience to said orders sells the same, a third person who claims to have the title and right of possession to the property so sold by the receiver, can not, without leave of the court wherein the receivership was pending, maintain an action of trover against said receiver; and upon the institution of such suit by said third party, he will, on petition filed by the receiver, be enjoined from the prosecution thereof.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. J. C. CARMICHAEL.

The proceedings in which the present appeal was taken were instituted by a petition filed by the appellee, C. F. Enslen, as receiver, in a pending suit in the chancery court, in which George W. West was complainant, and the Henderson Steel & Manufacturing Company was defendant, in which petition the receiver sought to have J. A. Montgomery, as trustee, for the American National Bank, perpetually enjoined from prosecuting

an action of trover brought against said Enslen to re-cover damages for the alleged conversion of certain property, which was in the possession of the Henderson Steel &. Manufacturing Company at the time of the appointment of a receiver for said company in said original suit.

The petition filed by Charles F. Enslen set forth the following facts: On December 12, 1890, George W. West filed an original bill in the chancery court of Jefferson county against the Henderson Steel & Manufacturing Company, in which he prayed, among other things, that a receiver be appointed of all the property of said corporation. In this bill, after averring that the said corporation owned certain specifically described real estate, the following averments were made as to other property owned by said corporation: "And that upon said real estate it has constructed large and valuable buildings, also one 12-ton open hearth Siemens steel furnace, 3 gas producers, hydraulic crane, and all necessary appurtenances, and has also rented the building and fairly constructed furnace No. 2 of the kind, character and capacity of furnace No. 1; that said furnace No. 2 is more than two-thirds completed, and that over $13,000 in material and labor have been expended upon said furnace, and that from information and belief that an additional amount of $7,000 will complete and put said furnace into operation; it has also built railroad tracks, blacksmith shops and other necessary appurtenances, and that said furnace is now in active operation manufacturing steel, which said buildings and structures, together with its tools and implements of every kind and character, whatsoever, now belonging to said corporation, and is being used by it in carrying on its said works and in the exercise of the franchises and privileges which were conferred upon said corporation by its said charter."

The prayer of this bill asking for a receiver is sufficiently shown in the opinion.

On December 13, 1890, upon a petition and due notice given to the defendant, there was a decree rendered appointing the petitioner, C. F. Enslen, as receiver of the

[Montgomery, Trustee v. Enslen, Receiver.]

Henderson Steel & Manufacturing Company, and directing said receiver "to receive and hold all the property, both real and personal, rights, choses in action and franchises of said company." It was further ordered in said decree that the officers and agents of said company deliver to said Enslen, as such receiver, the possession of all the real estate mentioned in said bill, and all machinery and all other property of said corporation. Immediately after his appointment as said receiver, and after he had executed the bond required by said order, C. F. Enslen took possession as said receiver, of all the property of the Henderson Steel & Manufacturing Company, and made a report which was filed in said cause on February 13, 1891, in which he reported and stated as follows: On the 4th day of June, 1891, the said receiver filed his petition in said cause and therein reported a list of the property in his hands, and the estimated value of said property; and also stated that after a fuller investigation that he was unable to operate the business of the plant for want of sufficient funds, and prays a sale of all the property. On the 15th of June, 1892, the cause was submitted on the petition. The court made a decree that it be referred to the register to ascertain, among other things, what part of the property in the hands of the receiver is claimed by Col. Montgomery. Notice of the time and place was given to Col. Montgomery, who, on the reference, appeared, and being sworn said that he, as trustee, claims the personal property described, but declines to state from what corporation or individual he claims said property. The report of the register was filed in said cause on the 24th of June, 1892. On the 1st day of July, 1892, the report of the register was confirmed, and the court decreed as follows: "The register having reported that certain property in the hands of the receiver is claimed by Col. Montgomery, it is ordered that he file in this court a full and complete statement in writing of the said claim, and if said claim is founded on, or is any instrument in writing, that he, said Montgomery, file with his statement of claim, a true and correct copy of said instrument." It was ordered that a copy of this decree be issued at once and served upon Col.

Montgomery. By said decree he was required within three days from said service, to file his statement or claim to said property. A copy of said decree was served, and he has failed and still fails to obey the mandate of the court.

On the 26th of July, 1892, the receiver filed his petition, alleging that he can not get a purchaser for the property, which prior thereto has been ordered to be sold, and that the said Montgomery has entirely failed to comply with said decree made on the 1st of July, 1892, and further stating that on information and belief that said Montgomery has no legal or equitable or just claim to any of the property claimed by him, and that the same should be sold by the order of this court for the benefit of the creditors of the said defendant company.

On the 30th of July, 1892, this court made a decree referring it to the register to ascertain, and to report whether or not it was to the interest of the parties that the petition should be granted. The court decreed as follows: "It appearing to the court that J. A. Montgomery has failed to file any claim to the property claimed by him as set forth in the report of the register, made June 24th, 1892, and in the decretal order made 1st of July, 1892, it is ordered that he appear before the register on a day appointed by the register for executing this reference, and to show cause why all the property claimed by him should not be sold," etc. A copy of this order was served upon him.

Upon the 21st of October, 1892, the register made his report and among other things reported that J. A. Montgomery failed and refused to appear before the register at said reference, as required by said decree.

On the 25th of November, 1892, the chancery court made a decree which, among other things, recited: "That the receiver sell all the personal property of the defendant company, including the property claimed by Montgomery as trustee, that at said sale the property claimed by Montgomery as trustee be sold separate and a separate report be made of said sale to the court." On the 16th day of December, 1892, the receiver made his report of sale. The sale was made in pursuance of said

decree, and the report of sale was confirmed. The said Montgomery, having disobeyed and disregarded all the orders and mandates of the court, on the 30th of January, 1896, without application to the chancery court for leave to sue the receiver, brought an action in the city court against said receiver for the conversion of the property sold under the order of the court. A restraining order had been granted and it is to this petition and restraining order that the plea is filed. It appears that after the appointment of a receiver, and his taking possession of the property, the bill was amended setting up the claim of J. A. Montgomery to the property and asking that he be made a party defendant, and be required to propound his claim; but by some oversight no process was issued, and he was not made a party defendant. He is, therefore, not made a party to the suit.

J. A. Montgomery demurs to the petition of the receiver, and assigns several grounds of demurrer, one of which is that the petition as amended shows that respondent has a claim to the property acquired prior to said receivership, and he has a right to have his title thereto determined in a court of law. The petition shows that no forcible possession of the property was taken by the receiver; the petition recites "that the receiver, acting under the order of this court, took possession of all the property of the defendant company, as far as he knew, or could ascertain the same; that James A. Montgomery, as trustee, claimed certain property described, some of which is on the land and the yards of defendant company." It appears that the property claimed by Montgomery was not in his possession, but seems to have been mixed with the property of defendant company, and was in the defendant's possession, and with other property of defendant under order of this court, taken possession of by the receiver. The property claimed was, therefore, in the custody of the court, and J. A. Montgomery having a claim to said property without asking permission of the chancery court, brings said suit against the receiver individually.

By amendment it was further averred in the petition that any claim by the said J. A. Montgomery to the

property described in the action of trover brought by him in the city court of Birmingham, was based upon the following facts, as averred in the amendment to the petition : "A number of directors of the Henderson Steel & Manufacturing Company were indorsers upon a note of said company to the American National Bank, and the directors of the said company passed a resolution whereby they resolved to transfer to J. A. Montgomery, as trustee, certain property of said company—being the property aforesaid—to be held by him, as trustee for said bank; that at the time of the passage of the said resolution said Henderson Steel & Manufacturing Company was insolvent, and was unable to pay its debts, and immediately after the passage of said resolution and on the same day steps were taken by some or all of said directors looking to putting the said company in the hands of a receiver, and counsel was employed for that purpose, and one of said directors became the complainant in the bill, and the bill in the cause in which this petition is filed was the bill above referred to, and it was filed on the day said resolution was passed, or in a day or two thereafter, and its preparation by counsel was actually commenced within a few hours after said resolution was passed. And petitioner states upon information, advice of counsel and belief, that said bill was in effect a general assignment by said company of its property for the benefit of its creditors. Petitioner states on information and belief that said Montgomery never acquired any claim that is valid in law or equity to said property, and that he never had any lawful title thereto; and if mistaken in the averment that said Montgomery never acquired any claim or title to said property, then petitioner avers and states upon information, advice of counsel and belief that the transfer or attempted transfer to said Montgomery of said property by said company was fraudulent and void, and that the same was part and parcel of a general assignment made by said company through and by reason of the original bill in this cause, and the answer of said company thereto, which bill and answer are here referred to and made a part of this petition. Petitioner

[Montgomery, Trustee v. Enslen, Receiver.]

further states upon information and belief that said American National Bank's debt against said company was a pre-existing debt at the time of the passage of said resolution, and that said bank has never given credit on its said debt for the value of said property or any sum by reason thereof, and that no price was fixed at the time of the passage of said resolution at which said property was to be taken by said bank or by said Montgomery, and that said bank was not a party to the passing of said resolution, and that J. A. Montgomery was at the time said resolution was passed an officer and director of said Henderson Steel & Manufacturing Company. And if mistaken in the averment that said Montgomery acquired no title or interest in said property, and that he has no claim thereon, petitioner avers and states on information and belief that the alleged transfer to said Montgomery was a mortgage. Petitioner further states that said property was in the actual possession of said Henderson Steeel Company at the time of petitioner's appointment as a receiver, and petitioner took possession thereof, and acted in taking possession under the order of this court." The resolution referred to is set forth at length in the opinion.

The prayer of the petition was that an injunction be issued restraining the said J. A. Montgomery from prosecuting the action of trover brought by him against the petitioner. Upon the filing of the petition a temporary injunction was issued. The respondent, J. A. Montgomery, filed a plea to the petition filed by Enslen, in which he set up the passage of the resolution by the board of directors of the Henderson Steel & Manufacturing Company, and averred that thereby the property which he claimed in the action of trover was sold and assigned to him for a valuable consideration before the appointment of said Enslen as receiver; and he further averred that the said resolution was passed with the knowledge and consent of the said C. F. Enslen, who was at that time, a member of the board of directors, and that the taking and conversion of said property by said Enslen was with the full knowledge of the title and possession of this respondent. It was further averred in said plea that by virtue of said resolution and the

taking of possession of the property described therein by the respondent, who was named as trustee, the subsequent taking of said property by the receiver was unauthorized and was a wrongful conversion of said property; and that, therefore, the respondent had a right to maintain an action of trover for such conversion and was not subject to be enjoined at the petition of the receiver. The defendant also demurred to the petition upon the ground that it was shown that the respondent had a claim to the property which was acquired prior to the appointment of the receiver, and that, therefore, he has a right to have his title to said property determined in a court of law. The petitioner made a motion to strike the plea filed by the respondent from the record. The petitioner also filed exceptions to the sufficiency of the plea.

Upon the submission of the cause upon the demurrer to the petition, upon the motion to strike the plea from the file, and upon the exceptions to such plea and to the sufficiency of said plea, it was decreed that the demurrer to the petition be overruled, that the motion to strike said plea from the file be overruled, and that the exceptions to the sufficiency of the plea be sustained; and it was adjudged that said plea was not sufficient. Upon the rendition of this decree, the respondent made a motion and filed a petition for rehearing, which was granted. Thereupon the respondent filed an answer, in which he set out at length his claim to the property and his right to maintain an action of trover for the wrongful conversion thereof by the said C. F. Enslen as receiver. The rights of the defendant, as averred in this answer, were based upon the same facts as were set up in the plea, which he had theretofore filed. The other facts of the case are sufficiently stated in the opinion.

Upon the submission of the cause upon the pleadings and proof, the chancellor decreed that the petitioner, C. F. Enslen, was entitled to the relief prayed for, and ordered that the temporary injunction be made perpetual; and that the said J. A. Montgomery be enjoined from further prosecuting the action of trover brought by him in the city court of Birmingham against C. F. Enslen.

[Montgomery, Trustee v. Enslen, Receiver.]

ALEX. T. LONDON, JOHN LONDON and NATHAN L. MILLER, for appellant.—There were only two ways by which the court could have acquired jurisdiction of the property; one by making Montgomery a party to the bill by appropriate allegations and prayer for process and service of process. The other, by the complainant averring in his bill that that property was the property of the Henderson Company, and liable for its debts, or that the complainant had some title or claim upon, or interest in it, and having a receiver appointed for it. Neither of these methods were pursued.

The decree appointing a receiver is more general in its descriptive terms of property than is the bill, but the court's jurisdiction and the meaning of its decree must be ascertained from the bill. A receiver is not authorized to make new parties to a bill, nor can the court of its own motion add new parties to a cause. It may dismiss the cause for the want of proper parties, but the complainant alone has the right to add additional parties. The complainant never made Montgomery a party.

The suit by said Montgomery was brought against C. F. Enslen.—*Parker v. Browning*, 8 Paige, 388; *Hills v. Parker*, 11 Mass. 511; *Gutsch v. McClargy*, 69 Mich. 377; *Henry v. Ramsey*, 96 Mich. 617; *Curren v. Craig*, 22 Fed. Rep. 101; 5 S. W. Rep. 448; 58 Tex. 630.

TILLMAN & CAMPBELL, *contra*.—Montgomery sued the receiver in trover without leave of the court appointing him, and the court properly restrained the action. High on Receivers, § 256; Smith on Receivers, § 83; 20 Am. & Eng. Encyc. Law, p. 248; *Porter v. Sabin*, 149 U. S. Rep. 479.

2.  The statute (§803 of the Code) is not applicable to this case. (1) It was not passed until after the alleged trespass. (2) The act complained of was not done "in carrying on the business connected with such property."—High on Receivers, § 395, b.

3.  "The receiver was regularly appointed and he was directed by the court to sell this identical property. Therefore, in selling it, he was not a trespasser."—*Wall-*

*ing v. Miller,* 108 N. Y. 173; s. c. 15 N. E. Rep. 65-67;
*Bank v. Dunn,* 97 N. Y. 157.

4. It is immaterial that the order appointing the
receiver may have been improper or erroneous.—20 Am.
& Eng. Encyc. Law, 142; *Richards' Case,* 81 Ill. 551.

TYSON, J.—Before entering upon a consideration of
the two controlling questions in the cause, we will first
dispose of the other assignments of error insisted upon
in argument.

There can be no doubt but that the appellee assumed
control and possession of the property for which he
was sued in the law court by the respondent, appellant,
as receiver under the decree of the court appointing him,
and that he sold it as such in obedience to the orders of
that court; that he did not take possession of or exercise
any acts of ownership over or concerning it under any
claim, right or title as an individual. The decree ad-
judging the pleas of the respondent insufficient was
nullified upon the granting by the chancellor of the mo-
tion for a rehearing. The decree appointing the receiver
cannot be assailed in this proceeding because erroneous
or improper. "It is not competent for any one to in-
terfere with the possession of a receiver on the ground
that the order appointing him ought not to have been
made. It is enough that it is a subsisting order. Actual
notice of the appointment of a receiver is sufficient to
render any interference with him a contempt; a formal
notice is not necessary."—20 Am. & Eng. Encyc. Law,
142. There is no pretense in this case but that respond-
ent knew of the complainant's appointment, the taking
possession by him of the property in controversy and
the sale of it by him as receiver. Of these facts he had
not only actual notice, but formal notices were served
upon him under the directions of the court. Indeed, he
went so far as to appear before the register on one oc-
casion in obedience to the mandate of one of the orders
of the court and make the statement under oath that he
claimed this property, but declined to propound his
claim or to state the facts upon which he predicated his
claim or founded his alleged title to it.—20 Am. & Eng.

Encyc. Law, 142 and notes; also p. 136 and note 2; *Russell v. East Anglian R. Co.* 3 Macn. & G. 104; *Richards v. The People,* 81 Ill. 551.

While the property here in controversy is not specifically named in the bill filed for the appointment of the receiver, the prayer of the bill is that the court "take charge of the affairs and business of defendant corporation; that the property of the corporation may be preserved and managed, held together and operated under the orders of this court as an entirety until such time as your Honor shall see fit or until it may appear to be to the best interest of all concerned, that said property shall be sold or otherwise disposed of for the satisfaction of the debts of said defendant, and that a decree may be rendered authorizing a sale of the entire property of said corporation for the payment of its debts," etc.; * * * that "a receiver may be appointed of said Henderson Steel & Manufacturing Company, who shall be charged with the duty of carrying on its business and operating its plant and furnace, and who shall be placed in possession of all the property, real and personal, of said defendant hereinbefore set out, to collect and sue for its choses in action, etc.; that said receiver when appointed may be authorized to work up the material on hand and buy other material, and to sell the manufactured product," etc.; * * * "that the receiver may be authorized to do any and all things under the orders of this court, and its guidance and direction, that may conduce to the interest of said corporation and its stockholders and creditors; and that the receiver may be authorized to negotiate a sale of the entire property, subject to the approval of this court."

We have made this lengthy quotation for the purpose of answering, what we think is a technical and unwarranted objection to that part of the decree of the court appointing the receiver in which the receiver is ordered "to receive and hold all the property both real and personal, rights, choses in action and franchises of said Henderson Steel and Manufacturing Co., and also its revenues from every source and the right to collect the same and to operate said furnace plant and to manufacture iron and steel." The objection proceeds upon

the proposition that the court was confined in its decree in respect to ordering its receiver to take possession of the property of the defendant corporation, to only such property as is specifically named in the bill. That the words in the prayer of the bill "hereinbefore set out" limited the right of the chancellor to deal only with such property as was specifically described. We do not think they are susceptible of such construction when construed in connection with the entire context of the bill and the clear and unmistaken purpose sought to be accomplished by it. The order of the chancellor to the receiver to take possession of all the property of the corporation was clearly within the purview and scope of the bill in conformity with its prayer. The chancellor in making the decree did not exceed the jurisdiction invoked by the bill, and it was the duty of the receiver to obey its mandates. In doing so, he was simply performing this duty as an officer of the court and cannot be held personally liable for any act done by him within the scope of the authority conferred upon him.

This brings us to a consideration of the vital question in this case, and out of this question incidentally springs the other, which we will consider later. It is, was the property in controversy in the possession of the defendant corporation at the date of the appointment of the receiver or to state it, as it is presented by the pleadings, did the property belong to the appellant at the time the receiver was appointed and was he in possession of it? If this question is answered in the negative, it follows of necessity that it belonged to the corporation and was in its possession, for the very obvious reason that the appellant, as we shall see, claims to have derived title and possession from it, on the day the bill was filed for the appointment of the receiver and on the day preceding the rendition of the decree appointing him. The written evidence of transfer of title to the property appears to have assumed the form of a resolution passed by the board of directors of the Henderson Steel and Manufacturing Company which is in these words: "That whereas this

[Montgomery, Trustee v. Enslen, Receiver.]

company is indebted to the American National Bank in about the sum of fifty-two hundred ($5,200) dollars which said indebtedness is long past due, and whereas there is no money in the treasury with which to pay the same and whereas said bank has been indulgent in not pressing the payment of said claim, therefore, be it resolved, that the said Henderson Steel and Manufacturing Company do hereby bargain, sell, convey and deliver to J. A. Montgomery, for said American National Bank, the following personal property, towit:

| | | |
|---|---:|---:|
| 150 tons Pig Iron at 10-50 | $1,575 | 00 |
| 10 tons Euboran Magnesite at $20 | 200 | 00 |
| 30 tons of Styrian Magnesite at $35 | 1,050 | 00 |
| 10 ferro manganese at $80 | 800 | 00 |
| 1 lot I. Beams | 900 | 00 |
| 1 lot valves | 330 | 00 |
| 1-14 foot elevator | 280 | 00 |
| 2 tons merchant iron | 65 | 00 |
| | | |
| Total | $5,200 | 00 |

now on the yards of said company at its plant near Henderson Station on the line of the North Birmingham Railway Company, in Jefferson county, Alabama, in part satisfaction and payment of said debt, and that the possession of the same be actually turned over to said J. A. Montgomery for said bank and a bill of sale of same be delivered to him."

It appears from this resolution that Montgomery was to take the property for the bank, that the amount to be paid for it or the amount of the credit the Henderson Steel and Manufacturing Company was to be allowed by the bank on the note is not stated, that the property was valued at $5,200, but was to be taken in *part payment* only of the banks indebtedness which is shown by the record to be $5,141.70, evidenced by a note in that sum of date May 28, 1890, and payable four months after date; and that it was contemplated that a bill of sale was to be given.

It may well be doubted whether any title passed to Montgomery under this resolution. There is certainly room for this contention. For, if anything remained to be done by either party to the transaction before deliv-

ery of the property, for example the agreement on the part of the bank to credit its debtor, the corporation, with a specified sum upon the note, the title did not vest in Montgomery.—*Allen v. Maury,* 66 Ala. 17; *Hudson v. Weir,* 29 Ala. 294.

But aside from this, it affirmatively appears that no authorized agent of the bank was present when this resolution was adopted and the bank never accepted the benefit of its provisions. A sale of necessity involves a contract, an agreement, which, of course, involves mutuality. Without mutuality, a meeting of the minds, there can be no contract—no sale. Montgomery, it does not appear, was authorized to bind the bank. He could not become a purchaser of this property for it without some authority to bind it. It never ratified, so far as appears from the record, his acts in directing another for him to take possession of the property or in any manner recognized the obligation imposed by the resolution upon it of allowing a credit for the value of the property. Had it done so, its debt against the corporation would have been extinguished, if the $5,200, the value of the property as shown by the resolution, was the sum agreed to be credited. On the contrary, it appears that the bank never had any knowledge of the passage of the resolution and that after its adoption, the bank brought a suit against some of the endorsers upon the note, in each of which it obtained a judgment. That upon these judgments about $2,680 was paid by some of the endorsers and that they were sold and transferred by the bank to one Rogan, as trustee, he paying therefor about $2,500.

There is some dispute as to whether Montgomery ever undertook to assume possession of the property. He does not himself claim to have *actually* done so in person. He says that he directed one Gogin to do so and that he furnished to him a list of the property on the day the resolution was passed. That afterwards he went to the yards of the corporation and found the most of it marked in his name and that he had several conversations with Enslen before and after he was appointed receiver about the property being in his posses-

[Montgomery, Trustee v. Enslen, Receiver.]

sion. This, however, is denied by Enslen. It is very certain that Montgomery never moved the property from the yards and grounds of the corporation, and that it was just where it had always been when the decree was entered directing Enslen, the receiver, to take possession of it. But it is unnecessary to decide this disputed question of fact, under our view of the case. Montgomery simply assumed to act in respect to whatever he may have done towards taking possession of the property as the agent of the bank. The bank not being bound by the terms of the resolution, Montgomery acquired no title to the property, therefore no right to its possession. It follows that Enslen, in obeying the orders of the court in taking possession of it and selling it, did nothing more than he should have done. And that he is entitled to be protected in the discharge of his duties as an officer, complying, as he did, with the mandates of the court with respect to this property. This being true, the suit brought by Montgomery in trover against Enslen, without leave of the chancery court, was properly restrained.—Beach on Receivers, § 653; High on Receivers, § 256; 20 Am. & Eng. Ency. of Law, 248-250; *Porter v. Sabin,* 149 U. S. 479.

It is immaterial that the suit sought to be enjoined only seeks to obtain a judgment for a money demand and not for the specific property.—*Barton v. Barbour,* 104 U. S. 126.

Affirmed.