# Brooke *v.* Kettler.

## *Detinue.*

(Decided Feb. 26, 1910.    51 South. 940.)

1. *Receivers; Actions Against; Leave of Court to Sue.*—Where a suit is commenced against a receiver without leave of court,, the contempt is waived, and the proceedings are valid, if during the proceedings, the court in which the receivership is pending grants an order permitting a continuance of the prosecution of the cause.

2. *Same; Property Outside of Receivership.*—If a receiver takes possession of property not embraced in the receivership, he may be sued for same without leave of the court first obtained, as in such case he is not entitled to protection of the court.

3. *Same; Order; Admissions.*—Where one brings detinue for property which belongs to him individually and which was sold by a receiver, without first obtaining leave of the court to sue, an order subsequently obtained granting leave to proceed with the suit, is not an admission of the legality of the possession of the receiver of the property sought to be recovered.

4. *Same; Pleadings; Special Pleas.*—A plea asserting that a receiver was appointed to take charge of all the property of the insolvent, etc., is not a good answer to an action in detinue brought without leave of court for property taken by a receiver which was the individual property of the plaintiff, as the plea fails to allege that the property in the suit belonged to the insolvent.

5. *Same; Actions; Evidence.*—Where the action is detinue for property, claimed by the defendant to the suit under a purchase at receiver's sale, the person seeking to recover the property is entitled to introduce all legal evidence which tends to show that the property in question was his indvidual property, that it was not included in the receivership proceedings and was not sold, and hence, he may show by the receiver as a witness that he did not hold the property as receiver but held on an agreement to pay rent therefor .

6. *Same.*—A plaintiff may show that he stated to the public that the property in question was not included in the receivership and in

the sale, in an action in detinue to recover said property, since he.
is entitled to rebut the presumption of an estoppel by acquiesence
in the sale.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. J. ·C. RICHARDSON.

Detinue by H. Y. Brooke against C. L. Kettler. From
a judgment for defendant, plaintiff appeals. Reversed
and remanded.

The second plea referred to in the opinion is as fol-
lows: "Defendant says: That on, to wit, May 28, 1906,
one M. Tucker filed in the chancery court at Luverne,
Ala., his original bill of complaint against this plaintiff
and others, and among other things said bill prayed
for a settlement of the partnership affairs of the Cren-
shaw County Critic, a partnership, having for its mem-
bers this plaintiff and one M. Tucker. Said bill also
prayed that the partnership property be sold for the
satisfaction of certain mortgages therein described. At
the time of the filing of said original bill said M. Tucker
filed his petition asking for the appointment of a re-
ceiver to take charge of said partnership property. That.
upon the hearing of said petition upon, to wit, August
10, 1907, the register of the said chancery court ap-
pointed one W. B. Howard receiver of all the property
of the said Crenshaw County Critic, and empowered
and directed him as such receiver to take possession of
all the property of the said Crenshaw County Critic
upon his entering into bond as required·by said order.
That on February 20, 1907, said Howard executed his
bond as receiver, as required by the former order of
the said register, and did, on, to wit, February 20, 1907,
take charge of all the property of the said Crenshaw
County Critic, including the property involved in this
suit. That on, to wit, August 27, 1907, said H. Y.
Brooke, the plaintiff in this action, filed his answer and

cross-bill to said original bill of the said M. Tucker, and on August 23d, same year, said H. Y. Brooke also filed in said cause his petition praying that the property of the Crenshaw County Critic then in the hands of a receiver be sold for the satisfaction of certain mortgages set out and described in said petition. That upon the hearing of said petition a decree was made and entered on, to wit, September 6, 1907, decreeing and commanding said receiver to sell the said property which had been committed to his care. That on, to wit, November 5, 1907, said Howard as such receiver under and in pursuance of said order did sell all of the property which he as said receiver took possession of, and that said sale was on January 23, 1908, duly reported by said receiver to said chancery court. Defendant alleges that said receiver did on July 27, 1908, in pursuance of an order of said chancery court, file in said cause an amended report of the property sold by him at said receiver's sale, and that said amended report shows that he as such receiver under said order sold the property involved in this suit. Defendant further alleges that there has been no confirmation of said sale which was made by said receiver under said order. Defendant further alleges that at said sale, one L. M. Johnson became the purchaser, and that on the ——— day of January, 1908, defendant bought of said L. M. Johnson the property which has been sold by such receiver, and that said Johnson delivered to him under his purchase all of the property of the said Crenshaw County Critic, including the property involved in this suit. Defendant further alleges that the suit of M. Tucker against this plaintiff and others is still pending in said chancery court and is undetermined, and that said receiver is still the receiver in said cause. Defendant further alleges that said H. Y. Brooke, the defendant in the said original

bill, and the complainant to said cross-bill, and the party who petitioned for the sale of the property then in the hands of the receiver, did not and has not obtained any order or decree or consent from said chancery court authorizing or permitting him to bring said suit. Wherefore defendant prays judgment of this court that this suit be dismissed for want of jurisdiction, and defendant makes oath that his plea is true."

The suit in detinue was commenced on August 25th, 1908, and the following order was entered in the chancery court August 25th, 1909:

In the above stated cause (Receivership) comes H. Y. Brooke and shows to the court in chambers that he claims individually certain personal property mentioned in his complaint in a detinue suit in the circuit court of Crenshaw county, filed against C. L. Kettler, which said personal property was formerly in the possession of the receiver appointed in this case, and which is represented to have been sold by the said receiver; and, whereas, the said circuit court has required as a condition precedent for the further prosecution of the said suit that the leave of this court should be given to the said H. Y. Brooke to prosecute said suit, now the court doth hereby order that the said H. Y. Brooke is given leave hereby to prosecute said suit for said property, and to show therein such title as he can for the recovery of the same, subject, of course, to any estoppel that there may be against him (whether there be or not, this court does not declare) arising from the prior proceedings in this cause. If the rights of said Brooke have in any wise been concluded by the prior proceedings in this case, the circuit court is competent to declare the same and will do so; if he has not been concluded the circuit court will not hold him bound. (Signed by the Chancellor.)

M. W. RUSHTON, and POWELL, HAMILTON & LANE, for appellant. The demurrer to the special plea should have been sustained.—Beach on Receiv., pp. 669 and 715; High on Receiv., sec. 257. The suit in this case was not against the receiver, but against one not an officer of the court. A receiver may be sued personally and not as receiver without leave of court.—23 A. & E. Ency. of Law, 1124; Beach on Receiv., p. 715. Parol testimony was admissible to show what was intended by the record.—*Thomason v. Odom,* 31 Ala. 108; *Cave v. Burns,* 6 Ala. 780; 17 Ala. 733; 26 Ala. 504. Counsel discuss other assignments of error relative to charges, but without further citation of authority.

FRANK B. BRICKEN, for appellee. The sale had not been confirmed and hence, the property was in gremio legis and had not passed to the purchaser who is sued in this case.—*R. & D. R. R. Co. v. Sibert,* 97 Ala. 393; *Ex parte Branch & Co.,* 63 Ala. 386, and authorities there cited. The appellee's second plea was a good plea and presented a good defense.—*Southern G. Co. v. Wadsworth,* 115 Ala. 571; *Turrentine v. Blackwood,* 125 Ala. 436. See also *Gay, Hardie & Co. v. Brierfield C. & I. Co.,* 94 Ala. 303.

SIMPSON, J.—This is an action of detinue by the appellant against the appellee for "one English hand wheel paper cutter, rebuilt," and other printer's material, set out in the complaint. The defendant interposed a plea of the general issue and a special plea, which will be set out in the statement of the case by the reporter. The defendant admitted that he was in possession of the property sued for.

The salient facts of the case are that on August 10, 1906, one W. B. Howard was on the application of M.

Tucker appointed 'receiver of all the property assets, effects, real, personal, and mixed, wheresoever situated, now belonging to the said partnership, composed of M. Tucker and H. Y. Brooke, * * * including all books, papers, accounts, documents, printing presses used in the job office or publication of the Crenshaw County Critic,' etc. The defendant claims by virtue of a sale made by said receiver on August 5, 1907, at which sale one L. M. Johnson became the purchaser and said Johnson afterwards sold to the defendant; but it is alleged and proven that said sale has not yet been confirmed by the court. The contention of the plaintiff (appellant) is that said property sued for never belonged to said firm, but is his individual property, bought and paid for by his own money. His evidence establishes this fact, and no evidence was introduced to controvert it. The court gave the general charge in favor of the defendant, and the insistence of the appellee is that, as the order of sale has never been confirmed, this property is still in the custody of the court, and that the plaintiff has no standing in court, because the suit was brought without leave granted by the chancery court. While this suit was brought without leave, yet, since the commencement of this case, said chancery court has granted leave to plaintiff to continue to prosecute this case (which order will be set out in the statement of the case by the reporter).

Whether the title of the defendant has been perfected by the confirmation of the sale or not, the fact remains that the defendant is in possession of the property, claiming it as his own, and the only issue raised by the suit is whether the plaintiff or defendant has the better right to the possession of the property. The receiver, not being a party to the case, would not be bound by the judgment. It is difficult to see how this

can be a suit against the receiver.   It is a matter, at any rate, resting entirely in the discretion of the court appointing the receiver to determine whether it will allow a suit to be prosecuted against the receiver, and if said court, after the suit has been commenced, grants an order permitting its continuance, it necessarily waives the contempt and registers the decree of the court that this is a proper subject to be determined by an independent proceeding.   The court may allow a case to proceed after suit brought.—23 Am. & Eng. Ency. of Law, 1125; *Angel v. Smith*, 9 Ves. Jr., 335, 340; *Anonymous*, 6 Ves. Jr., 287; *Hills v. Parker*, 111 Mass. 508, 15 Am. Rep. 65.   It is axiomatic, also, that if a receiver does something outside of his duties as receiver, or takes possession of property which the court has not authorized him to take possession of, he cannot claim the protection of the court against a suit brought against him on account of the same.   The only object in committing this power and discretion to the court is in order that it may have full control of the property which it has taken possession of through its receiver, and not to protect the receiver in traveling beyond the line marked out for him by the court, and interfering with the property rights of individuals.   Accordingly it is held that, if the receiver takes possession of property which is not embraced in the receivership, the protection of the court appointing the receiver will not be accorded to him.   As to such he may be sued without leave of the court.—Beach on Receivers, § 257; High on Receivers (Alderson's Ed.) § 307, pp. 311, 652, 653, 654; *Hills v. Parker*, 111 Mass. 508, 15 Am. Rep. 65; *Gutsch v. McIlhargey et al.*, 69 Mich. 377-379, 37 N. W. 303; *Kenney v. Ranney*, 96 Mich. 617, 55 N. W. 982.

This principle is not involved, nor is it discussed, in the case of *Gay, Hardie & Co. v. Brierfield C. & I. Co.*,

[Brooke v. Kettler.]

94 Ala. 303, 11 South. 353, 16 L. R. A. 564, 33 Am. St. Rep. 122, cited by counsel for appellee. In that case the federal court had rendered a decree of foreclosure of a mortgage securing bonds of a corporation, and a bill was filed in the state court by creditors of the corporation assailing the bonds for fraud, etc., and this court held that the state court had a right to proceed in the trial and determination of that question, but that it would so mold its decree as not to interfere with property which was lawfully in the hands of the trustee or receiver of the United States court. In the case of *Montgomery, Trustee, v. Enslen, Receiver,* a petition was filed by the receiver to enjoin an action of trover brought by Montgomery. The case did not go off on the question of the right of a third person to sue in trover for property of his in the hands of the receiver, but, on the contrary, the court entered into a discussion of the question as to whether, as a matter of fact, the property in question ever had been conveyed by the original corporation to Montgomery, and arrived at the conclusion that Montogmery had not acquired any title to the property, and, for that reason, enjoined his action. The court says in summing up: "The bank not being bound by the terms of the resolution, Montgomery acquired no title to the property; therefore no right to its possession. It follows that Enslen, in obeying the order of the court, in taking possession of it and selling it, did nothing more than he should have done. And he is entitled to be protected in the discharge of his duties as an officer, complying, as he did, with the mandates of the court with respect to this property."— *Montgomery, Trustee, v. Enslen, Receiver,* 126 Ala. 654, 669, 28 South. 626, 631.

In the case of *So. Granite Co. v. Wadsworth,* 115 Ala. 570, 22 South. 157, the suit in detinue was brought

against Wadsworth "as receiver," and in the progress
of the trial was amended by striking out the words "as
receiver." The plaintiff claimed that certain specifically
described pieces of granite belonged to it, and not to
C. R. & Co., whose property had been placed in the
hands of the receiver by decree of the United States
court, and the claim of the plaintiff was that under
the federal statute authorizing suit against receivers
in respect to acts and transactions as such receiver in
carrying on the business its suit was properly brought
without leave. This court treated it as an action against
W. "as receiver," holding that said statute did not cover
it, and continuing held that the "United States court
had certainly assumed control of this property, and at
the commencement of this action it was in its custody
by its receiver. It had ordered it to be sold," etc.; and
affirmed the judgment of the court below in favor of
the defendant. In the case now under consideration,
the testimony on the part of the plaintiff tends to show
that the court had not taken possession of the property
in question through its receiver. In the case of *Turren-
tine v. Blackwood*, 125 Ala. 436, 28 South. 95, 82 Am.
St. Rep. 254, the defendant was a trustee in bank-
ruptcy, and the powers of the United States court in
bankruptcy proceedings are far more extensive than
those of a chancery court appointing a receiver. It is
also shown in the statement of the case that the prop-
erty which was taken possession of by the trustee was
"set forth in said petition of bankruptcy," and the or-
der of the court directed the trustee to take possession
of that property, and the opinion states that the facts
"show the rightful possession of said property" by the
trustee.

Plea 2 states that the receiver was appointed to take
charge of all the property of said "Crenshaw County

Critic;" that the receiver took charge of the same; that the petition and order of sale referred to the property of the "Crenshaw County Critic," but it nowhere alleged that the property in controversy was a part of the property of the "Crenshaw County Critic." From what has been said it results that the demurrer to said plea should have been sustained, as among other reasons it fails to show that the order of court authorized the receiver to take possession of the property in controversy. And, for like reasons, the demurrers to the replications should have been overruled.

The application for the order permitting the plaintiff to proceed with the case cannot be taken as an admission of the legality of the possession of the receiver of the property in question, as the very basis of the order is that the plaintiff claims the property as his individually, and that he has brought suit and applies for this order because the circuit court requires it as a condition for the further prosecution of the case. The fact that the sale of the property has not yet been confirmed only strengthens the position that the court in granting permission to proceed with this case and holding up the order of confirmation deemed it best that this matter should be decided in the circuit court before the final orders in the case.

It results from what has been said that the court erred in giving the general charge in favor of the defendant; and, as most of the errors in regard to the admission of testimony are based upon a different view of the law of the case from that hereinbefore announced, it does not seem to be necessary to consider them all in detail. The defendant was entitled to have admitted all legal evidence tending to show that the property in question is his individual property; that it was never included in the partnership property; that it was not

included in the property delivered to the receiver, when he was appointed; that it is not included in any of the orders of court, was not advertised, and was not sold. It was his right also to prove that, when the sale was made, he made the statement to the public that this particular property was not included in the sale. This not for the purpose of proving his title to the property, but for the purpose of rebutting the presumption which might otherwise be indulged, if this property was sold, that he stood by and saw his property sold, without objection, and was thereby estopped from questioning the authority to sell it. The question to the receiver as a witness as to whether he did not take charge of the property in question not as receiver, but under an agreement with the plaintiff to pay rent for it should have been admitted, as it bore upon the question as to how he held the property.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.