# Kettler *v.* Brooke.

### *Detinue.*

(Decided Nov. 21, 1911.  56 South. 747.)

*Detinue; Plea; Sufficiency.*—A special plea in a detinue action which alleged that in a former action between the plaintiff and his partner, a receiver was appointed to take possession of the firm property, that the receiver duly took charge of all of the firm property including the property involved in this suit, that the property of such firm including the property involved in this suit, was subsequently sold by the receiver under an order of the court, and that the receiver filed a report of the sale showing that he sold the property involved to one J., and that defendant bought from said J. was bad for a failure to allege that the particular property purchased was the property of the partnership.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. E. GAMBLE.

Detinue by H. Y. Brooke against C. L. Kettler. From a judgment for plaintiff, defendant appeals. Affirmed.

The following is plea A: "For further answer to plaintiff's complaint, defendant says that on, to wit, May 28,

1906, one M. Tucker filed in the chancery court at Lu-
verne, Alabama, his original bill of complaint against
this plaintiff and others, and that among other things
said bill prayed for a settlement of the partnership af-
fairs of the Crenshaw County Critic, a partnership hav-
ing for its members this plaintiff and said M. Tucker.
Said bill also prayed that the partnership property be
sold for the satisfaction of two certain mortgages re-
ferred to in said bill of complaint, viz., one in favor of
the Bank of Luverne, and the other in favor of T. W.
Shores et al.; that at the time of the filing of the original
bill said M. Tucker filed a petition asking for the ap-
pointment of a receiver to take charge of the said part-
nership property; that upon the hearing of said petition
on, to wit, August 10, 1906, the register in said chancery
court appointed one W. B. Howard receiver of all the
property of said Crenshaw County Critic, and empow-
ered and directed him as receiver to take possession of
all the property of said Crenshaw County Critic, upon
his entering into bond as required by said order; that
on, to wit, February 20, 1907, said W. B. Howard exe-
cuted bond as such receiver, as required by the former
order of said register, and did on, to wit, February
20, 1907, take charge of all the property of said Cren-
shaw County Critic, including the property involved in
this suit; that on, to wit, August 27, 1907, said Brooke,
the plaintiff in this suit filed his answer and cross-bill
to said original bill of said M. Tucker, and admitted
therein that he executed the two mortgages referred to
in said original bill; that on, to wit, November 5, 1907,
said W. B. Howard as such receiver, under and in pur-
suance of an order made and entered in said chancery
suit, sold all the property of said Crenshaw County
Critic, including the property involved in this suit; that
said sale by said receiver was on, to wit, January 23,

1908, duly reported by him to said chancery court. Defendant alleges that said receiver did, on, to wit, July 22, 1908, in pursuance of an order by said chancery court, file in said cause an amended report of the property sold by him as receiver, and that said report shows that he sold the property involved in said suit. Defendant further alleges that at said sale one L. M. Johnson became the purchaser at and for the sum of $1,450. And defendant further alleges that on, to wit, the —— day of January, 1908, he bought of said L. M. Johnson the property which had been sold by said receiver, and that said L. M. Johnson delivered to him under his purchase the property sold by said receiver, including the property involved in this suit. Defendant further alleges that on, to wit, December 3, 1908, the chancellor made and entered a decree in said chancery cause, ordering the register to pay to said two mortgagees, viz., the Bank of Luverne and T. W. Shores and others, the entire proceeds derived at said receiver's sale, except, to wit, $287.11; and defendant avers that said register has paid to said two mortgagees all the money derived at said sale by said receiver, except $287.11, ordered by the court to be retained by the register until the further orders of the court. Wherefore defendant pleads this in defense of this suit."

FRANK B. BRICKEN, for appellant. The court erred in sustaining demurrer to plea A.—*Goodman v. Winter,* 64 Ala. 434; *McPherson v. Walters,* 16 Ala. 714; *Walker v. Murphy,* 34 Ala. 591; 2 Smith's Leading Cases, 742; *Weffel v. Stillman,* 151 Ala. 264; *Jones v. Peebles,* 130 Ala. 273; *Hill v. Huckabee,* 70 Ala. 183; *Bank v. Leland,* 122 Ala. 289. If appellant is not entitled to the defense set up by said plea, appellee will not only get credit on its indebtedness for the value of this property, but will,

in addition, get the identical property, and this is not permissible.—*Caldwell v. Smith,* 77 Ala. 165; *Robertson v. Bradford,* 73 Ala. 116; *Bell v. Craig,* 52 Ala. 215.

M. W. RUSHTON, and POWELL & HAMILTON, for appellee. The plea was held bad on a former appeal in this case, and the judgment should be affirmed on the authority of that case.—*Brooke v. Kettler,* 166 Ala. 76.

DE GRAFFENRIED, J.—This is an action of detinue, brought by appellee against appellant, for certain printers' material which is described in the complaint. The only errors assigned for our consideration go to the action of the trial court in sustaining appellee's demurrer to plea A of the appellant.

This is the second appeal in this case. On the former appeal, the Supreme Court held that a plea described in *that* record as plea 2 was subject to demurrer, and did not constitute an answer to the complaint. We have carefully compared plea A appearing in this record with plea 2 discussed on the former appeal, and plea A in *this* record is certainly subject to the same criticisms and possesses the same infirmities as plea 2, held to be bad on the former appeal.—*Brooke v. Kettler,* 166 Ala. 76, 51 South. 940.

The trial court, therefore, committed no error in sustaining appellee's demurrer to plea A, and the judgment of the court below is affirmed.

Affirmed.