CITIZENS COMMERCIAL & SAVINGS BANK v. FARBER.

1. RECEIVERS—POSSESSION OF PERSONALTY—EFFECT.
   Taking over possession of personalty by receiver does not, of itself, confer title in him nor relieve him from consequences of any proper action to regain possession of wrongfully taken chattels.

2. SAME—POSSESSION OF RECEIVER IS THAT OF COURT.
   When a receiver has taken over possession of personalty, such possession is that of the court.

3. SAME—PARTIES—CLAIMANTS OF PROPERTY—ORDER TO SHOW CAUSE.
   Parties to receivership proceeding held, bound by order made upon receiver's petition that all claimants to any real or personal property of corporation for which he had been appointed receiver and then in his possession should appear and show cause why such claims should not be denied.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

> Supreme Court *held*, precluded from deciding question as to identity of personalty, in hands of receiver, described in order of dissolution and now claimed by parties to receivership proceeding and purchaser at his sale, which matter was discussed during the trial but apparently not put in issue by the pleadings nor mentioned in the charge of the court.

5. JUDGMENT—RES JUDICATA AS TO WHOLE CASE.

> Where a matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward their whole case and will not permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but was omitted through negligence, inadvertence or accident.

6. SAME—RES JUDICATA APPLICABLE TO MATTERS NOT BROUGHT FORWARD.

> The plea of *res judicata* applies, except in special cases, not only to points as to which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.

7. REPLEVIN—MACHINERY—POSSESSION—EVIDENCE.

> In action of replevin by purchaser at receiver's sale against persons claimed to have withheld possession of some machinery, tools, fixtures, and equipment unlawfully, defendants *held*, to have failed to prove a right to possession.

8. SAME—DEMAND—FRAUD.

> A previous demand is not necessary in order to maintain replevin where original taking or possession of defendant is shown to have been wrongful, as where defendant obtained property by fraud.

Appeal from Genesee; Black (Edward D.), J. Submitted January 12, 1937. (Docket No. 97, Calendar No. 39,316.) Decided June 7, 1937.

Replevin by Citizens Commercial & Savings Bank, a Michigan corporation, against John E. Farber

to gain possession of certain tools, machinery, dies, etc. Edward E. Farber intervened as party defendant, waived return of goods and entered a cross-action for damages against plaintiff. Verdict and judgment for defendant Edward E. Farber. Plaintiff appeals. Reversed and remanded for new trial.

*Homer J. McBride* and *Paul H. Karr,* for plaintiff.

*Roger J. Vaughn,* for defendants.

BUSHNELL, J. The receiver of J. E. Farber Company, a Michigan corporation (see *In re Petition of Farber,* 260 Mich. 652), sold certain machinery, tools, fixtures, office furniture and equipment to plaintiff bank under an order of the court. Claiming that defendant John E. Farber had unlawfully detained some of this property, plaintiff brought an action of replevin. Defendant's answer to plaintiff's declaration alleged that certain reamers, milling cutters, drills, gauges and small tools therein described, were the property of Edward E. Farber, who was later granted leave to intervene. Testimony was taken before a jury who found in favor of the defendants; and as to defendant Edward E. Farber, who had waived return of the property, verdict and judgment was against plaintiff in the sum of $1,300 and costs, and plaintiff appeals therefrom.

Appellant contends that the question of intervener's possessory rights is *res judicata* because of a certain order of Circuit Judge Gadola in the receivership matter; that the present claim is a collateral attack upon the receivership proceedings, and that appellee is now estopped by his failure to assert his rights in that action. Plaintiff further

asserts that the testimony shows that a demand for the delivery of the property involved would have been futile and says the court erred in submitting the question of demand to the jury.

Acting upon information that John E. Farber claimed to own certain personal property then in the possession of the receiver, the latter filed a petition on July 11, 1933, for an order requiring John E. Farber and John E. Farber, doing business as the Reflex Light Company, or any other claimants to any of the property in possession of petitioner, to show cause why their claims should not be denied.

The personal property in this replevin action, claimed to be owned by the Farbers, were tools stored in a small building adjacent to and connected with the main plant of the J. E. Farber Company. This small building was owned by John Farber and rented to the Farber Company for one dollar per year. John Farber testified that when the company was given possession of this building, he said, "Now, I want to reserve this corner for our tools." However, when the receiver took possession of the premises, this building was also taken over by him, and the personalty therein thereby came into the possession of the receiver. This possession by the receiver did not, of itself, confer title, nor did it relieve the receiver from the consequences of any proper action to regain possession of chattels, if wrongfully in his possession. See *Gutsch* v. *McIlhargey,* 69 Mich. 377, and *McAfee* v. *Bankers Trust Co.,* 253 Mich. 685. However, the taking over placed the personalty and the premises in the possession of the court through its receiver (*In re Petition of Chaffee,* 262 Mich. 291).

The petition of the receiver resulted in an order of the circuit court dated July 11, 1933, requiring "John E. Farber * * * and any other claimant to

any of the real or personal property belonging to the J. E. Farber Co., Inc., and now in the possession of Paul H. Kelly, receiver,'' to appear and show cause why their claims should not be denied. Notwithstanding the apparent limitation to property ''belonging to the J. E. Farber Co.,'' the plain import of the order required anyone claiming ownership or right to possession of property *in custodia legis* to establish his claim. John Farber and Edward Farber, as parties to the receivership cause, were bound by that order and recognized its import.

The same day, July 11, 1933, John E. Farber filed a petition to obtain possession of chattels held by receivers in which he stated under oath:

''1. That certain tools and equipment described in exhibit 'A' hereto attached and by reference made a part hereof, together with certain dies used exclusively in making reflex truck lights and certain completed automobile blocks, *are in the buildings and premises occupied by the J. E. Farber Company, Inc.,* which company is now in receivership under the control and direction of this court.''

Farber's petition alleges:

''That your petitioner, either by lease, conditional sales agreement, agency contract or power of attorney, is entitled to possession of the above described tools, equipment, dies and automobile blocks.''

Exhibit ''A'' specifically describes certain claimed chattels, not in dispute herein, and concludes with this phrase,

''Miscellaneous small bench tools, drill punches, etc., for use in assembling lights.''

On July 27, 1933, the circuit court ordered the receiver to surrender possession to John Farber of the chattels described in the latter's exhibit ''A.''

The testimony indicates that the receiver did not carry out the order as to the personalty therein described.

The real question is whether the tools in dispute herein are the same as those described as "small tools" in the order of dissolution. This question was discussed during the trial, but apparently was not put in issue by the pleadings nor mentioned in the charge of the court and we are thereby precluded from deciding the question. *Fowler* v. *Mc-Quigg,* 222 Mich. 178.

The defendants, being parties to the receivership proceedings, are bound by the order to show cause and by Farber's petition. Unless the tools involved in the replevin action can be shown to be included in the "small tools" mentioned in the order of dissolution, appellees are estopped to assert any claim thereto.

"This question was answered in *Harrington* v. *Huff & Mitchell Co.,* 155 Mich. 139, by quoting from *Henderson* v. *Henderson,* 3 Hare, 100 (67 Eng. Rep. 313), where the vice-chancellor said:

" 'In trying this question, I believe I state the rule of the court correctly, when I say, that where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case. The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties exercising reasonable diligence, might have brought forward at the time.' " *McDannel* v. *Black,* 270 Mich. 305, 311.

If the personalty in dispute was included in the order of dissolution, the Farbers might possibly compel a surrender of possession by appropriate proceedings.

Plaintiff has derived its right to possession from the court itself, through its receiver, and under the facts presented in this appeal, defendants have failed to prove a right to possession.

Defendant John Farber claimed that he lawfully and peacefully repossessed the personalty in question and that proper demand to surrender the same had not been made by plaintiff. He testified:

"I finally got friendly with the watchman, and one day Mr. Overton come down to court and I asked the watchman if I could go in that part of my building, I wanted to look at a beam, which I did. He said, 'All right.' So we walked out there together. When we got in there I turned around, I looked around a little while, and I said, 'Well, I guess you better get out of here.' He said, 'What do you mean?' 'Just what I am telling you. Now, get out. I have taken possession.' That was the first time that I had any kind of an opportunity to get possession of it."

It was unnecessary for plaintiff to make a formal demand upon defendants in view of the artifice by which John Farber gained entrance to the premises and consequent possession of the property. *Reeder* v. *Moore,* 95 Mich. 594.

"A previous demand is not necessary in order to maintain replevin where the original taking or possession of defendant is shown to have been wrongful, as where defendant obtained property by fraud." 54 C. J. p. 450, § 70.

The judgment is reversed and a new trial granted. Costs to appellants.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.