EDWARD W. SCHWARTZ AND OTHERS v.
FIRST TRUST COMPANY OF ST. PAUL AND ANOTHER.[1]

March 14, 1952.

No. 35,570.

[1]Reported in 52 N. W. (2d) 290.

*Durham & Swanson* and *F. Gordon Wright,* for appellants.

*Faricy, Burger, Moore & Costello* and *B. Warren Hart,* for respondents.

CHRISTIANSON, JUSTICE.

Plaintiffs appeal from a judgment of dismissal with prejudice entered in their action for damages for conversion of personal property.

Plaintiffs Edward W. Schwartz and Esther Schwartz are former officers and stockholders of Schwartz Bros., Inc., and General Cleaners and Launderers, Inc., both Minnesota corporations. Plaintiff Allen Schwartz is the son of Esther Schwartz and younger brother of Edward. Defendants are the personal representatives of the estate of Louis J. Foussard, deceased, the purchaser of the assets of the above-mentioned corporations at a receivership sale held in connection with sequestration proceedings. M. S. A. 316.05. The complaint alleges that certain items of personal property owned by plaintiffs as individuals were located upon the premises of one of the corporations and intermingled with its assets; that possession of these individually owned assets was taken by the corporate receiver; that Foussard was "advised and appraised" of this fact; and that, nevertheless, at the time he took possession of the cor-

porate assets, Foussard wrongfully took possession of the individually owned assets and appropriated them to his own use. The complaint further alleges demand and refusal to return said property. Defendants' answer was, for all practical purposes in this action, a general denial of the allegations of the complaint.

The case came on for trial December 7, 1949. After the jury was impaneled and sworn, plaintiffs' attorney made his opening statement and offered in evidence the file containing the records of the receivership proceeding.[2] Counsel for defendants objected to the introduction of any testimony on plaintiffs' behalf, claiming that the matter had been adjudicated in the receivership proceeding, and that plaintiffs were estopped by that proceeding from asserting their claim. The trial court excused the jury, heard argument by defendants' attorney, and sustained the objection. Thereafter, the receivership file was admitted in evidence by consent of both parties. This appeal is from the judgment of dismissal with prejudice. Plaintiffs contend that the trial court erred in sustaining defendants' objection without permitting oral evidence upon the issues of *res judicata* and estoppel.

In the receivership proceeding here concerned, the court, on January 24, 1944, pursuant to the receiver's petition and in the exercise of its inherent equity power[3] issued an ex parte order limiting the time to present claims. The pertinent provisions read as follows:

"* * * it is hereby

"ORDERED, ADJUDGED AND DECREED:

"I. That duly verified claims of all creditors of the above named corporate defendants or either of them, including all holders of real

---

[2]For a detailed statement of the receivership proceeding and other proceedings prior to the present action, see National Guardian L. Ins. Co. v. Schwartz Bros. Inc. 217 Minn. 288, 14 N. W. (2d) 347, and In re Schwartz Bros. Inc. (D. C.) 58 F. Supp. 761.

[3]M. S. A. 316.15, 316.16, have no application to corporations coming under the Minnesota Business Corporation Act. See, § 301.61. Section 301.54, subd. 1, applies only to dissolution proceedings. Hence, the district court must rely on its inherent equity power. See, Rule 23, Code of Rules, District Courts of Minnesota, 27 M. S. A. 640.

estate mortgages, chattel mortgages, conditional sale contracts, or *other claimants having or claiming to have property in the possession of said receiver* or a claim against said receiver or a lien or other security for their account, debt, claim or demand, against the property of the above named corporate defendants in the hands of said Receiver, including the property of other persons in the possession of said corporate defendants, be filed on or before March 15, 1944, * * *.

\* \* \* \* \*

"III.  That if any person fails to file his account, claim, debt or demand in the manner and within the time provided herein, he shall be barred from sharing in the property of either of said corporate defendants or the proceeds or money arising from the sale of any of the property of either or both said corporate defendants, *or in any other property now held or hereafter coming into the possession of said Receiver.*" (Italics supplied.)

This order was duly published for three successive weeks, and copies thereof were mailed to all creditors and other interested persons, including Foussard. Esther and Edward Schwartz, who were parties defendant in the receivership action along with the two corporations, were each mailed copies of said order, as was the attorney who appeared generally for them throughout the receivership proceeding.  No claims were filed by either of them in response to the foregoing order,[4] and no motion was made to vacate or modify the order.

On the same day that the foregoing order was issued, the receiver filed a petition for leave to sell all the personal property specifically described in the schedule attached to his petition, as well as any other assets then in his possession or thereafter coming into his possession as receiver.  The petition and schedule were filed with the clerk of the district court, and the court in its order setting the date for hearing thereon directed that a copy of said order be mailed to all parties of record, all persons who had appeared of

---

[4] However, one Allen Sigal, as assignee of Esther and Edward Schwartz, did file a money claim for $21,267.05 which was allowed.

record in said proceedings, their respective attorneys, and "such other persons as the Receiver in his judgment may think necessary and proper, including all persons who he believes may have or claim any right, title or interest" in or to said property. Pursuant to the court's order, copies thereof were mailed to Esther and Edward Schwartz and their attorney, and to Foussard and his attorney. Following a hearing, at which Esther and Edward Schwartz were represented by their counsel, an order was issued on February 28, 1944, directing the receiver to sell all his right, title, and interest in the personal property described in his petition and all other personal property of the defendant corporations. Thereafter, on May 19, 1944, a receivership sale was held at which the bid of Foussard was accepted. Although Esther and Edward Schwartz were duly notified thereof and that the hearing on the confirmation of the sale was to be held on May 29, 1944, they interposed no objections thereto, and the court entered its order confirming the sale, reciting among other things that Foussard acknowledged that he was buying "the right, interest, and title of the Receiver only without warranty or guaranty, *except that given by process of law and the proceedings before this court.*" (Italics supplied.) Thereafter the receivership was closed and the receiver discharged on July 26, 1945. No motions to vacate or modify any of the foregoing orders were made, and no appeals were taken therefrom.

In Minnesota, the appointment of a receiver in connection with sequestration proceedings is in the nature of an equitable attachment[5]—a quasi in rem proceeding in which creditors seek to compel the satisfaction of their personal claims against the defendant corporation out of the attached assets.[6] In order to facilitate the efficient disposition of receiverships by disposing of as many claims against the attached property as quickly as possible, the court also has jurisdiction in the same proceeding to determine

---

[5] National Guardian L. Ins. Co. v. Schwartz Bros. Inc. 217 Minn. 288, 14 N. W. (2d) 347; Henderson v. Crosby, 156 Minn. 323, 194 N. W. 641; 2 Dunnell, Dig. & Supp. § 2157.

[6] See, Henning v. Raymond, 35 Minn. 303, 305, 29 N. W. 132, 133; Restatement, Judgments, § 3, *comment d,* and § 32, *comment a.*

property claims against the assets.[7] Thus, within the framework of the receivership, the court may have a second type of proceeding, namely, one in which claims to property interests in the sequestered assets are decided. It is with this type of claim that we are here concerned. When such a claim is made by intervention or otherwise, the court's determination is binding upon all parties to the receivership proceeding.[8] Similarly, when the court, pursuant to the receiver's petition and upon proper notice, gives an opportunity to present property claims upon the penalty of having them determined adversely to the claimant's interests, property claimants who are parties to the receivership proceeding must present their claims in the receivership or be forever barred from asserting claims to the property as against the purchaser thereof from the receiver. Citizens Commercial & Sav. Bank v. Farber, 280 Mich. 257, 273 N. W. 561. It is our view that the court's order confirming the receivership sale, issued after the expiration of the time for filing claims limited in the nonclaim order, must be regarded as amounting to an adverse determination of all unfiled property claims held by parties to the receivership against assets that were in the possession of the receiver at the time the nonclaim order was served upon them.

■ The validity of any judicial determination, and consequently its *res judicata* effect, is limited by the court's compliance with those procedural requirements which due process imposes as jurisdictional prerequisites. One such prerequisite is adequate and proper notice of the adverse claim.[9] The method used to give notice, although one measure of its adequacy, is not the sole criterion. In a case such as the one before us, the content of the notice must be reasonably calculated to fairly apprise the prospective claimant that an adverse claim is asserted toward particular assets to which

[7]1 Clark, Receivers (2 ed.) § 546.

[8]Citizens Commercial & Sav. Bank v. Farber, 280 Mich. 257, 273 N. W. 561.

[9]Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315, 9 L. R. A. 152; State v. Security Nat. Bank, 143 Minn. 408, 173 N. W. 885; Tomasko v. Cotton, 200 Minn. 69, 273 N. W. 628.

he may desire to make claim. Anything less than this makes it impossible, practically speaking, to exercise the opportunity afforded to present property claims in the receivership proceeding.

Plaintiffs Edward and Esther Schwartz, being parties to the receivership proceeding, were mailed copies of the nonclaim order. In our opinion, this order, standing alone, did not afford sufficient particularity to constitute adequate notice. However, in examining the content of the notice, we think it proper to consider other circumstances such as whether the recipient was already a party to the proceeding, and whether he had facts within his own knowledge or readily available to him which would amplify the written notice.[10] A detailed schedule was attached to the receiver's petition for authority to sell and was on file with the clerk of the district court for examination by all interested persons. Notice that the petition to sell had been filed was contained in the court's order of January 24, 1944, directing a hearing upon the petition. Copies of this order were mailed to Esther and Edward Schwartz, and they were represented by counsel at said hearing. They concede that some of the assets so scheduled are the same as those now allegedly converted. Taken together, it is our opinion that the nonclaim order and the petition to sell and schedule of assets were sufficient to inform all parties that the receiver was making claim to all assets listed upon the schedule. With respect to assets known by Esther or Edward Schwartz to be in the possession of the receiver, particularity in the nonclaim order could add nothing. Knowing that certain assets were in the hands of the receiver, and reading the broad terms of the nonclaim order, they were made aware of their obligation to come forward and litigate any claim they might have with respect to such assets. Therefore, to the extent that the court's determination concerned claims to assets that were specifically scheduled or that Esther and Edward Schwartz knew were in the receiver's possession, it was valid, and *res judicata* bars

---

[10]See, Restatement, Judgments, § 6, *comment g*, and § 32, *comment f*.

them from now asserting such claims against the purchaser at the receivership sale or his privies.[11]

It is unnecessary to decide whether the type of *res judicata* invoked in this case is that known as estoppel by verdict or estoppel by judgment. One importance of this distinction lies in the necessity of pleading the defense in the answer, which varies in this state depending upon whether the action in which the prior adjudication is invoked is upon the same or a different cause of action as the original suit.[12] Although defendants' answer does not allege *res judicata* as a defense, it was raised at the trial without objection, and not assigned as error upon appeal. Consequently, any error in this respect below was waived as an issue on appeal. Furthermore, in this case any distinction based upon the scope of bar is not significant, for, although estoppel by verdict extends only to those issues which were actually litigated or which were of necessity adjudicated,[13] at the very minimum, the adjudication of the receivership proceeding, insofar as it was valid, must be regarded as having determined that no claim against the sequestered assets could be maintained by Esther or Edward Schwartz.

Conceivably, these plaintiffs, even though parties to the receivership, may have been unaware that particular assets now claimed to have been converted were in the possession of the receiver. Insofar as such assets were not listed upon the schedule, the nonclaim order was not sufficient notice to satisfy the due process requirement, and the receivership proceedings could not bar them from thereafter asserting their claims with respect thereto.

---

[11]A purchaser not already a party to the receivership proceedings becomes a party from the time he enters into a contract of purchase. Rice v. Ahlman, 70 Wash. 12, 126 P. 66. See, 1 Clark, Receivers (2 ed.) § 489(a, b), and cases cited.

[12]Swank v. St. Paul City Ry. Co. 61 Minn. 423, 63 N. W. 1088; 2 Pirsig's Dunnell, Minn. Pl. (3 ed.) § 1411, and cases cited.

[13]Cromwell v. County of Sac, 94 U. S. (Otto) 351, 353, 24 L. ed. 195, 198; Wolfson v. Northern States Management Co. 221 Minn. 474, 22 N. W. (2d) 545; Smith v. Smith, 235 Minn. 412, 51 N. W. (2d) 276; 2 Pirsig's Dunnell, Minn. Pl. (3 ed.) § 1949; cf. *Id.* § 1957.

■ Allen Schwartz stands in a position entirely different from that of the other two plaintiffs. There is nothing before us to indicate that he was at any time a party to the receivership, that he ever appeared therein, or that notice of any kind was mailed to him. Mere seizure of his property and publication of the nonclaim order were not sufficient to confer upon the court jurisdiction to determine his property interests in the seized assets. That being so, the receivership proceedings were not binding upon him. See, 1 Clark, Receivers (2 ed.) § 482(b).

In view of our disposition of the case, it is unnecessary to discuss fully any of the other issues raised. Inasmuch as the receivership proceedings could not affect the property interests of Allen Schwartz, the Soldiers' and Sailors' Civil Relief Act has no application to him. Furthermore, we find no merit in defendants' suggestion that the doctrine of virtual representation bars Allen Schwartz's rights to the same extent that the rights of his mother and brother are barred. Without defining the limits of that doctrine, it is clear that it has no application here. No opinion can be ventured on the issue of equitable estoppel. Cf. Brooke v. Kettler, 166 Ala. 76, 51 So. 940; Brown v. Union Depot St. Ry. & Tr. Co. 65 Minn. 508, 68 N. W. 107; see, May v. Ackerman, 235 Minn. 273, 281, 51 N. W. (2d) 87, 92. The complaint alleges that Foussard was "advised and appraised" that plaintiffs' individually owned assets were intermingled with the corporate assets. This is a matter requiring proof.

Accordingly, the judgment of dismissal must be reversed and the case remanded for further proceedings in conformity with the views herein expressed.

Reversed and remanded.