CITY OF IMPERIAL, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE, V. LARRY RAILE, APPELLANT.

191 N. W. 2d 442

Filed November 5, 1971. No. 37936.

Owens & Owens, for appellant.

Curtis & Curtis, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The City of Imperial, Nebraska, brought this proceeding against the defendant, Larry Raile, to enjoin him from keeping a structure, occupied as a residence, on his property. The district court granted a permanent injunction against Raile.

The defendant's property was situated within one-half mile of the corporate limits of the City of Imperial. It was zoned as Industrial-1 under a zoning ordinance passed and adopted by the city on August 8, 1966. The city had also adopted the 1955 National Building Code by ordinance on July 12, 1965. In May 1969, Raile purchased and placed what is referred to as a "mobile

home" on his property, and constructed a permanent foundation, porch, and steps.

On May 13, 1969, Raile filed an application for a variance from the zoning ordinance to permit the "erection of residence dwelling classified as a mobile home * * *." On June 5, 1969, the board of zoning adjustment of the city notified Raile that his request for a variance was denied. The vote was 3 to 2 in favor of the request, but lacked the required statutory number of concurring votes. See § 19-910, R. R. S. 1943. Raile did not take any appeal to the district court from the action of the board of zoning adjustment. Such an appeal allows a full review of both law and facts. See § 19-912, R. R. S. 1943.

There is a conflict in the evidence as to conversations had with various city officials as to a building permit, but the evidence is undisputed that Raile did not at any time file any formal or written application for a building permit.

On September 22, 1969, this proceeding was begun and the decree granting a permanent injunction against Raile was entered on July 9, 1970.

The defendant first challenges the validity of the zoning ordinance of the city on the ground that a comprehensive development plan was not adopted by the city council prior to the passage of the ordinance as required by statute. The evidence established that a comprehensive development plan was adopted on the same date as the ordinance. The provisions of section 19-901, R. R. S. 1943, as it existed in 1967, were fully complied with, as the district court found. Even if there were some doubt as to whether a comprehensive development plan in final form was adopted prior to the adoption of the ordinance, the ordinance here was passed in 1966. The statutes in effect in 1966 contained no requirement that a comprehensive plan be adopted by the city council. The requirement was simply that the zoning ordinance or regulations be made "in accordance with a

comprehensive plan * * *." See § 19-903, R. R. S. 1943, Reissue 1954. There is no dispute about the fact that there was a comprehensive development plan. The burden is on one who attacks the validity of a zoning ordinance, valid on its face and enacted under lawful authority, to prove facts which establish its invalidity. Weber v. City of Grand Island, 165 Neb. 827, 87 N. W. 2d 575.

Other assignments of error based on alleged failures to comply with statutory requirements in the process of adoption of the zoning ordinance were determined by the trial court adversely to the defendant. The trial court's determination was correct.

Raile also asserts that other persons had been granted variances under circumstances similar to his own and that the administration or enforcement of the ordinance as to him was arbitrary, unreasonable, and, consequently, unconstitutional. The evidence offered here was that certain other persons had been given building permits to erect structures for residence purposes in residential zones. Raile contended the circumstances and the structures were similar to his. The evidence established that these structures, with the exception of one temporary situation, were different from the Raile structure in construction as well as appearance. The evidence also established that these structures substantially complied with the building code, while the Raile structure did not meet the requirements of the building code in many respects. The district court specifically found that the other situations involving variances were not "like" situations to that of Raile, and that the application of the ordinance to Raile was not arbitrary or discriminatory. That determination is also supported by the evidence. It may be a denial of equal protection of the law to apply a regulation differently to different persons under the same or similar circumstances. Hillerege v. City of Scottsbluff, 164 Neb. 560, 83 N. W. 2d 76. That rule does not apply here.

Raile also asserts that there are ample remedies at law and that the city's application for injunctive relief is unjustified and improper. Section 19-913, R. R. S. 1943, specifically authorizes a city to utilize the remedy of injunction in addition to other remedies for violation of zoning laws. A municipal corporation cannot be estopped from enforcing a valid ordinance, and an injunction is a proper remedy to prevent a continuing violation of a lawful zoning ordinance. See City of Beatrice v. Williams, 172 Neb. 889, 112 N. W. 2d 16.

We do not find it necessary to pass upon the issue of whether or not the zoning ordinances of Imperial forbid a "higher use" in a lower zone with respect to mobile homes. We point out again that Raile did not appeal from the order of the board of zoning adjustment denying his application for a variance nor did he at any time file any application or written request for a building permit. He voluntarily terminated the procedures for obtaining a variance, and he never commenced a procedure to obtain a building permit. Under such circumstances, he is in no position to complain.

The action of the district court was correct and is affirmed.

AFFIRMED.