CITY OF MINNEAPOLIS, Appellant,

v.

F AND R, INC., et al., Respondents.

No. 50169.

Supreme Court of Minnesota.

July 3, 1980.

Rehearing Denied Jan. 21, 1981.

Robert J. Alfton, City Atty., Allen Hyatt, Asst. City Atty., Minneapolis, for appellant.

Thomas J. Burke, St. Paul, for respondents.

Heard before ROGOSHESKE, KELLY and YETKA, JJ., and considered and decided by the court en banc.

KELLY, Justice.

In September 1977, plaintiff filed a complaint against defendants, alleging the defendants' operation of an adults-only bookstore at 401 East Lake Street violated section 540.410 of the Minneapolis Code of Ordinances. The city sought a judgment enjoining defendants from operating the premises as an adults-only bookstore. After the district court, on plaintiff's motion for partial summary judgment, ruled that the bookstore was in violation of the ordinance, the case went to trial on the issue of whether injunctive relief was an appropriate remedy for a continuing violation of a zoning ordinance. The district court concluded that injunctive relief was inappropriate because plaintiff failed to prove that its remedies at law were inadequate. Plaintiff appeals from the order of the district court entering judgment in defendants' favor. We reverse and remand.

F & R, Inc., is an adults-only bookstore located at 401 East Lake Street in Minneapolis. Its status as such under the Minneapolis zoning ordinances is not at issue here.[1]

1. Section 540.410(b)(1) of the Minneapolis Code of Ordinances defines adults-only bookstore as follows:

    Adults only bookstore: An establishment having forty (40) percent or more of its dollar volume in trade, books, magazines and other periodicals which are distinguished or characterized by their principal emphasis on mat-

ters depicting, describing or relating to nudity, sexual conduct, sexual excitement or sadomasochistic abuse, as defined below, for sale to patrons therein.

    During the proceedings in this case, the plaintiff moved for partial summary judgment on the issue of the bookstore's status as an adults-only bookstore 'as defined in section

It is undisputed that defendants' bookstore is located within 500 feet of a residentially zoned district and within 500 feet of another adults-only bookstore in violation of Minneapolis Code of Ordinances § 510.410(c) and (d) which provide:

(c) No Adults only motion picture theater, adults only book store, massage parlor, rap parlor or sauna shall be operated or maintained within five hundred (500) feet of a residentially zoned district, an office-residence zoned district, a church, a state licensed day care facility and public educational facilities which serve persons age seventeen (17) or younger, an elementary school or a high school.

(d) No adults only motion picture theater, adults only book store, massage parlor, rap parlor, or sauna shall be operated or maintained with five hundred (500) feet of any other adults only theater, adults only bookstore, massage parlor, rap parlor or sauna.

Inspections by the plaintiff indicated that the bookstore had been in continuing violating of this ordinance from 1977 to the date of the trial. The plaintiff chose to seek an injunction against continuing violation by defendants even though it could have issued a complaint for the arrest of the bookstore owners or issued the owners a tag. The Minneapolis Code of Ordinances § 534.430 provides that "[a]ny person violating any provision of this zoning ordinance shall, upon conviction, be punished as provided by section 1.30 of Minneapolis Code of Ordinances. Each day's violation shall constitute a separate offense." Section 1.30(c)

provides: "Every person convicted of a violation of this Code, except as hereinbefore qualified, shall be punished by a fine of not to exceed five hundred dollars ($500.00) or by imprisonment for not to exceed ninety (90) days or both."

After a trial, the district court ruled that an injunction was not an appropriate remedy in this case because the plaintiff's ability to tag or arrest defendants constituted an adequate remedy at law. The narrow issue on this appeal therefore is whether repeated prosecutions constitute an adequate remedy at law so as to bar the issuance of an injunction to enjoin a continuing violation of Minneapolis Code of Ordinances § 540.410.[2]

Minneapolis Code of Ordinances § 540.410 was enacted pursuant to Minn. Stat. § 462.-357 (subd. 1) (1978) which *inter alia* authorizes a municipality to regulate land uses for trade, industry and residential purposes. Minn. Stat. § 462.362 [3] (1978) provides that a municipality may enforce any ordinance adopted pursuant to Minn. Stat. § 462.357 (subd. 1) (1978) by injunction, mandamus, or any other appropriate remedy.

The general rule in other jurisdictions is that where a statute authorizes a local governmental unit to enforce zoning restrictions through injunction, as in Minnesota, the legislature intended to afford such governmental units a choice of methods of enforcement of zoning regulations. The implication is that, where such a statute exists, the prerequisite to obtaining an injunction of proving inadequate remedy at law is

---

540.410(b)(1). The district court granted the motion and entered judgment in the city's favor on this issue. The district court also ruled that the bookstore was not entitled to nonconforming use status and therefore not entitled to the protection of the "grandfather clause" of the zoning ordinance. These rulings were not appealed by the defendants, and therefore the issues are not before us on appeal.

**2.** The defendants raised the issue of the constitutionality of the ordinance on its face and as applied in the court below. They do not, however, raise these contentions regarding this issue on appeal, and thus the issue of the constitutionality of the ordinance is not before us. *See Peterson v. Knutson*, 305 Minn. 53, 63 n.

12, 233 N.W.2d 716, 722 n. 12 (1975); *Bush v. Havir*, 253 Minn. 318, 331–32, 91 N.W.2d 784, 793 (1958); *Schwartz v. First Trust Co.*, 236 Minn. 165, 172, 52 N.W.2d 290, 295 (1952).

**3.** Minn. Stat. § 462.362 (1978) provides in full:

A municipality may by ordinance provide for the enforcement of ordinances or regulations adopted under sections 462.351 to 462.-364 and provide penalties for violation thereof. A municipality may also enforce any provision of sections 462.351 to 462.364 or of any ordinance adopted thereunder by mandamus, injunction, or any other appropriate remedy in any court of competent jurisdiction.

met automatically. *See Pinellas County v. Hooker*, 200 So.2d 560, 562 (Fla.App. 1967); *Gray v. DeKalb County*, 230 Ga. 95, 96, 195 S.E.2d 914, 916 (1973); *City of Imperial v. Raile*, 187 Neb. 404, 407, 191 N.W.2d 442, 444 (1971); R. Anderson, American Law of Zoning §§ 27.13, 29.01 (2d ed. 1977).

We have also recognized that an injunction is probably the most efficient way for a local governmental unit to deal with continuing zoning violations. *See City of Mahtomedi v. Spychalla*, 308 Minn. 429, 432, 243 N.W.2d 31, 33 (1976); *Itasca County v. Rodenz*, 268 N.W.2d 423, 424 (Minn. 1978). *See also Brown County v. Meidinger*, 271 N.W.2d 15, 19 (S.D. 1978). Compared to injunctive relief, repeated prosecution for a violation of a zoning ordinance, seeking imposition of a fine or jail term, is an inadequate method of attaining the goal of a zoning ordinance—compliance. The purpose of use restrictions is not punishment but the attainment of conforming uses. An injunction ordering compliance with use restrictions is peculiarly suited to this end. Furthermore, repeated prosecution for each violation is a misuse of limited administrative and judicial resources. Therefore, in light of the clear mandate of Minn. Stat. § 462.362 (1978), and the policy reasons favoring enforcement of zoning ordinances by injunction, where violations are continuing in nature, we hold that repeated prosecutions and the imposition of jail terms or fines constitute an inadequate remedy as a matter of law in enforcing Ordinance 540.-410. We therefore reverse and remand with instructions to grant the relief requested.