GABE and others, Appellants, v. CITY OF CUDAHY and another, Respondents.*

*No. 248. Argued June 1, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 874.)

* Motion for rehearing denied, with costs, on September 8, 1971.

For the appellants there was a brief by *Hersh, Stupar, Stepke, Gollin & Schulz* and *Frederick Hersh,* all of Milwaukee, and oral argument by *Frederick Hersh.*

For the respondents there was a brief and oral argument by *James E. Boren,* city attorney.

HANLEY, J.   Three issues are presented on appeal:

(1)  Did the plaintiffs establish a lawful and continuous nonconforming use at the date of the enactment of the zoning ordinance involved;

(2)  Did the trial court exceed its authority by giving the defendant city injunctive relief; and

(3)  May the city have an order of restoration from this court?

*Sufficiency of the evidence.*

The transcript in this case covers some 530 pages of testimony. Numerous witnesses for both sides testified that they were familiar with the Gapikowski farm by virtue of having lived near or frequently visited the farm. Some witnesses testified that they knew of no sand/topsoil operation on the farm until at least 1968.

Others testified that neighboring farmers had been purchasing sand from the Gapikowski farm since 1921 when Frank Gapikowski, father of the plaintiffs, first occupied the property as a farm and homestead. It was plaintiffs' burden to prove by the preponderance of the credible evidence that in 1957 when the ordinance was passed, the farm was actually and actively being used for the same purpose for which it now is being used, to wit, a commercial sand and topsoil operation. Further, the plaintiffs had to prove that such use was continuous from 1957 to the present. Any twelve-month interval from 1957 to the present, during which the use ceased, would deprive them of their right to resume the nonconforming use of the property. *State ex rel. Peterson v. Burt* (1969), 42 Wis. 2d 284, 166 N. W. 2d 207.

The plaintiffs' evidence proved only that sand was sold on the farm from time to time during the life of plaintiffs' father. There was no specific evidence showing that the use in question existed in 1957. Mr. Gabe's tax returns from the years 1960 through 1964 reflect no income from the sale of sand or topsoil. Returns from the later 1960s, although ambiguous, do indicate income from such sources. However, these returns include some other property in addition to the property in question. The fact that this operation did not begin in earnest until the late 1960s is corroborated by the fact that a bulldozer and other equipment associated with the excavation business were purchased in 1968. In addition, Nicholas F. Lupo testified that he and his father operate the Midwest Grading Company and that they do all of the earthmoving work for plaintiffs on the property in question. Lupo testified that he and his father began work on plaintiffs' property in December of 1967.

Aerial photographs of the farm, as well as topographical maps of the area in question, were introduced in evidence. The photographs and the maps were both made

in early 1958. Mr. Melvin Fiss, Cudahy city engineer, testified that neither the photographs nor the maps showed any indication of excavation on the property. Mr. Gabe viewed the photographs and agreed that no indication of excavation was perceptible. He opined, however, that much of the excavation work was grown over with weeds and that is why the numerous holes and troughs in the land could not be seen in the photographs.

On the basis of this evidence, plaintiffs ask this court to find that the trial court's view of the evidence was erroneous and that, in fact, there actually was a sand and topsoil business in operation on the farm in 1957 and that such business has continued uninterrupted since that time. On the basis of the record we cannot so find. There is no evidence of any kind showing that any excavation or sales were made in 1957. Not a single business record or even a witness was produced to testify specifically with reference to the year of 1957. The evidence to establish the nonconforming use consisted only of the fact that, prior to 1957, sporadic removals of sand occurred from time to time.

The trial court found that the requisite nonconforming use was not in existence in 1957. We think that finding is easily supported by the record.

The findings of the trial court, especially when accompanied as they are here by a detailed memorandum decision, will not be disturbed unless they are clearly contrary to the great weight and clear preponderance of the evidence. *Mitchell v. Western Casualty & Surety Co.* (1966), 30 Wis. 2d 419, 421, 141 N. W. 2d 212.

### *Injunctive relief.*

The judgment in this case contains a clause "perpetually" enjoining the plaintiffs from using their property in a manner inconsistent with the zoning ordinances of the city. The city in its answer to the plaintiffs' complaint

did not specifically pray for injunctive relief. Plaintiffs contend that the absence of such a specific request for injunctive relief means that the trial court was without authority to grant such relief. In support of their contention plaintiffs rely on sec. 268.03, Stats., which provides as follows:

"**When granted defendant.** A temporary injunction may also be granted on the application of the defendant, when it shall appear that the plaintiff is doing, or threatens, or is about to do, or is procuring or suffering to be done some act in violation of the defendant's rights respecting the subject of the action and tending to his injury or to render ineffectual such judgment as may be rendered in his favor."

Plaintiffs' argument is without merit. Clearly, an "application" for the relief referred to applies only to a "temporary" injunction, *i.e.*, an injunction covering the period of time prior to and during the litigation. Sec. 268.03, Stats., does not apply to a permanent injunction issued after or with the judgment, such as the injunction in this case. Courts of equity have inherent power to grant a remedy appropriate to the particular facts in the case.

The purpose of a declaratory judgment is to remove any uncertainty as to the respective rights of the parties. The injunction which accompanied the judgment in this case was necessary and proper. It is the only effective remedy against continued violation of the zoning ordinance. Absent the injunction, plaintiffs might have continued the operation and thereby necessitated additional litigation on this matter.

*Restoration of site.*

The defendants request this court to grant an order of restoration of the site that has been excavated. This matter was never raised at any time in the trial court,

and the city has cited no authority for such an order. In the absence of an evidentiary hearing of the issue, we decline to issue an order of restoration of the site.

We conclude that there is ample credible evidence to support the trial court's findings, and that the trial court properly granted the injunctive relief.

*By the Court.*—Judgment affirmed.