**BROWN COUNTY, a Public Corporation, and the City of Aberdeen, a Municipal Corporation, Plaintiffs and Respondents,**

v.

**William E. MEIDINGER, Defendant and Appellant.**

**No. 12331.**

Supreme Court of South Dakota.

Argued June 9, 1978.

Decided Oct. 26, 1978.

---

ly, appellant entered into a contract for deed to purchase the latter tract. The case was submitted to the trial court on a stipulation in the form of the record of a prior case [1] involving only Tract 8 which was brought under the penal provisions of the city ordinance and resulted in a conviction which was overturned by this court on constitutional grounds not herein at issue. The trial court granted an injunction as to any such use of Tract 8 and enjoined expansion of the use of Tract 9 beyond specified limitations. We affirm.

The first issue to be clarified for discussion of this case is the effective date of the city ordinance. In its findings of fact the trial court found the effective date to be June 26, 1968, based on the adoption date of May 20, 1968, and appellant asserts this as error. Since it was contrary to the stipulation of the city attorney in open court that the effective date of the ordinance was January 19, 1972.

■ Stipulations, while applicable and binding in certain areas of procedure and fact, are not binding on a court when pertaining to the determination of the applicable law or its meaning or effect. *Luce v. Ash,* 28 S.D. 109, 132 N.W. 708 (1911); *Bitterman v. Reinfeld,* 75 S.D. 73, 59 N.W.2d 548 (1953); *State Highway Commission v. Fortune,* 77 S.D. 302, 91 N.W.2d 675 (1958); *Coolsaet v. City of Veblen,* 55 S.D. 485, 226 N.W. 726 (1929). Thus, the stipulation as to the effective date of the statutes is not a matter to be decided by the parties and the trial court did not err merely in ruling contrary to said stipulation. We hold, however, based on the evidence as set out in the stipulated record, that the trial court was in error in ruling that June 26, 1968, was the effective date of the ordinance. The zoning ordinance, which would, under our statute,[2] have an effective date of June 26, 1968, provides in pertinent part:

> Whenever the City of Aberdeen assumes zoning jurisdiction in an area outside of its corporate limits, the County Zoning Commission of Brown County,

Tom E. Eastman of Nelson & Eastman, Fargo, N. D., for defendant and appellant.

Charles B. Kornmann of Richardson, Groseclose, Kornmann & Wyly, Aberdeen, for plaintiffs and respondents.

MORGAN, Justice.

This is an action to enjoin the appellant Meidinger's operation of an auto salvage (or junk yard) on land lying within the three-mile territorial jurisdiction of the City of Aberdeen, Brown County, South Dakota, and zoned agricultural under an Aberdeen City Ordinance. Two distinct tracts are involved, numbered 8 and 9. Appellant was purchasing Tract 9 under a contract for deed and using it for storing and junking cars. The adjoining tract, number 8, appellant used, with the tract owner's full knowledge and without any objection from him, for access and for storage of some autos in connection with his business. Subsequent-

---

1. *City of Aberdeen v. Meidinger,* S.D., 233 N.W.2d 331 (1975).

2. SDCL 11–4.

shall sit with the City Planning and Zoning Commission on all matters pertaining to the planning and regulation of such area and *no zoning powers provided by this Ordinance shall be effective in any such area unless approved by a two-thirds (⅔) vote of the members of each of the Commissions.* (Emphasis added.)

While the record contains no clear cut evidence as to the date of approval by the county zoning commission, we read the stipulation to be intended to supply that, and counsel for the city so stated during oral argument. In any event, such error was harmless inasmuch as the trial court apparently used the later date in determining the issues.

We next consider the appellant's use of Tract 8 as an auto salvage yard. We agree with the findings of the trial court. It is a well-known rule that in cases tried to the court without a jury, findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity the trial court had to judge the credibility of the witnesses. SDCL 15–6–52(a); *Masek v. Masek,* S.D., 228 N.W.2d 334 (1975); *Schulte v. Schultz,* 86 S.D. 518, 199 N.W.2d 39 (1972).

■■■ While there is some testimony that prior to 1972 some cars were parked on Tract 8 near its boundary with Tract 9, it is hazy and contradicted. In fact, the exact location of the boundary between Tracts 8 and 9 was obviously not clearly marked. We cannot say that the trial court's findings in this regard were clearly erroneous. There is also the consideration that the burden is upon the appellant to clearly establish the prior use to avail himself of the "grandfather rights." This, the appellant failed to do. If any portion of the tract was in fact used, it was a very minimal and sporadic use, incapable of sufficiently exact determination to accord it any grandfather rights.

■■■ We next look to the appellant's continued and future use of Tract 9 under the grandfather rights accorded him by the limitations in the injunction. Appellant contends that the trial court erred when it concluded as matters of law:

### VIII.

The policy of the law does not permit any extension of any nonconforming use to more than thirty-five cars, as existed in 1972, or to any other real estate than that upon which the use was actually established on the date the zoning ordinance was enacted.

### IX.

The spirit of the zoning ordinance is to restrict rather than to increase any nonconforming use and to secure the gradual elimination of any nonconforming use. A provision of such an ordinance which would allow a continuation of a nonconforming use is to be, and should be, strictly construed and any provisions limiting nonconforming uses should be liberally construed.

### X.

The right to continue a nonconforming use is not a perpetual grant to make use of one's property detrimental to his neighbors, and nonconforming uses should not be permitted to multiply when they are harmful or improper.

### XI.

Any enlargement or extension of a nonconforming use ordinarily is not to be permitted and should not be permitted in this case.

### XIV.

The zoning resolution and ordinance may restrict the right to extend or enlarge a nonconforming use.

■■■ With these conclusions we agree. The policy towards nonconforming uses is to prevent their expansion beyond the bounds of the nonconforming use at the time of the effective date of the zoning ordinance. Even moderate expansion to meet new needs or to keep up with competition are generally not allowed. The policy aims toward eventual phaseout of nonconforming uses and seeks to do so as quickly as possible. *Stan Moore Motors, Inc. v. Polk County Bd. of Adjust.,* Iowa, 209

N.W.2d 50 (1973); *Town of Yorkville v. Fonk,* 3 Wis.2d 371, 88 N.W.2d 319 (1958); *Hawkinson v. County of Itasca,* 304 Minn. 367, 231 N.W.2d 279 (1975); *County of Freeborn v. Claussen,* 295 Minn. 96, 203 N.W.2d 323 (1972); *McJimsey v. City of Des Moines,* 231 Iowa 693, 2 N.W.2d 65 (1942); *Austin v. Older,* 283 Mich. 667, 278 N.W. 727 (1938). Accordingly, we agree with the limitation specifically set out in the trial court's findings and injunction. We find the *City of Sioux Falls v. Cleveland,* 75 S.D. 548, 70 N.W.2d 62 (1955), cited by appellant, clearly distinguishable from this case.

Appellant next raises the contention that the use of Tract 9 was rendered "legal" by the municipal court at the previous trial and that said municipal court ruling should be res judicata as to the "legality" of Tract 9 in this case.

Appellant's contention rises from two sources. First, the municipal judge stated at the close of the trial, "now Lot 9 is obviously legal." Secondly, appellant assumed that since, in imposing sentence, the municipal court did not mention Tract 9, but only Tract 8, that Tract 9 was "legal".

This court rejects appellant's contention that the doctrine of res judicata is applicable for several reasons. In *Christiansen v. Strand,* 82 S.D. 416, 147 N.W.2d 415 (1966), this court said:

> Any expression of opinion or views by the trial judge extraneous to his decision in the manner and form contemplated by law is of no binding force and effect as a matter of law either upon the trial judge himself or anyone else.

In a case such as the municipal action against the appellant where no findings of fact are issued, the only decision of the municipal court which is in the manner and form contemplated by law is the judgment (sentence) itself. Since the judgment of the municipal court was reversed in *City of Aberdeen v. Meidinger,* S.D., 233 N.W.2d 331 (1975), res judicata does not apply. *Keith v. Willers Truck Service,* 64 S.D. 274, 266 N.W. 256 (1936); *Golden v. Oahe Enterprises, Inc.,* S.D., 240 N.W.2d 102 (1976).

Furthermore, during the course of the municipal court action the charges regarding Tract 9 were dismissed and no reference to it was made in the court's judgment. Therefore, it cannot naturally be assumed that the absence of reference serves as an adjudication of Tract 9's legality.

Appellant further contends that there is no evidence in the record to indicate that pecuniary relief is an inadequate remedy. It is widely recognized that injunction is the only practical and efficient remedy for violation of a zoning ordinance. See *City of Mahtomedi v. Spychalla,* 308 Minn. 429, 243 N.W.2d 31 (1976); *City of Imperial v. Raile,* 187 Neb. 404, 191 N.W.2d 442 (1971); *Gabe v. City of Cudahy,* 52 Wis.2d 13, 187 N.W.2d 874 (1971). Both SDCL 11–2–34 and section 1208 of City of Aberdeen Ordinance No. 1164 authorize the injunction as a proper remedy for a violation of the zoning ordinance. Finally, appellant contends that the statute of limitations has run on the instant case and that the action should be barred. Appellant cites SDCL 15–2–14(2) as providing the applicable statute of limitations since he considers the instant case a forfeiture action, i. e., he is being forced to forfeit his right to do business.

This court rejects appellant's contention that this is a forfeiture action or that SDCL 15–2–14(2) applies to this action. An injunction is essentially an equitable action and, since SDCL 21–8, which contains the statutory law on injunctions, does not contain any statute of limitations. Further, in the present matter, it would appear that the violation is an ongoing daily violation rather than a one-time violation upon which a limitation of action could run.

We have examined appellant's other contentions and find them without merit.

Therefore, we affirm the decision of the trial court in issuing the requested injunction.

All the Justices concur.