**CITY OF ABERDEEN, Plaintiff and Appellee,**

v.

**Frederick A. HERRMANN, Sr., and Frederick Herrmann Associates, Inc., Defendants and Appellants.**

**No. 13033–a–JF.**

Supreme Court of South Dakota.

Argued Nov. 25, 1980.

Decided Feb. 11, 1981.

Charles B. Kornmann of Richardson, Groseclose, Kornmann, Wyly & Wise, Aberdeen, for plaintiff and appellee.

William A. Bowen of Rice & Bowen, Aberdeen, Joseph G. Rimlinger, Sioux Falls, for defendants and appellants.

FOSHEIM, Justice.

This action was commenced by the City of Aberdeen (appellee) to permanently enjoin Frederick A. Herrmann, Sr., and Frederick Herrmann Associates, Inc., (appellants) from employing non-resident family and non-family members at the residence and business office of appellants in an Aberdeen residential section. From a judgment granting a permanent injunction, this appeal is taken. We affirm.

In 1973, appellants located a house to purchase with the aid of an Aberdeen real estate agent. Appellant Herrmann indicated to the agent that he desired a house that would be suitable to use as both a residence and a business office. That requirement was written into the purchase agreement, which stated: "This offer to purchase is also contingent upon the buyer's

ability to gain zoning permission to conduct an architectural practice at the above address." The agent thereupon obtained a written statement from the Aberdeen Planning Director which reads: "The practice of architecture as a home occupation is permissible as long as said practice is incidental to the residential use." Appellants did not obtain any variance or exception, and proceeded to purchase the property.

Aberdeen City Ordinance No. 1164 defines "home occupation" as "an occupation or profession carried on for gain or support conducted only by members of a family residence on the premises provided that no special space is designed or arranged for such occupation, and provided that no article is sold or offered for sale except such as may be produced by members of the immediate family residing on the premises." According to the evidence, appellants' business expanded considerably between 1973 and 1978. Appellant corporation's taxable payroll has grown and, at times, included well over a dozen employees, including secretaries, draftsmen, and architects. The former living room of the house is now a library and conference room. There is also a reception area with a secretary's desk and secretarial equipment. The basement is used entirely as a drafting area with a large blueprinting machine. The house also contains a photocopy machine and an offset press. In view of these facts, the trial court did not clearly err in finding that appellants were in violation of the applicable city ordinance. SDCL 15–6–52(a). We further conclude that an injunction was appropriate here, as such relief is the only proper remedy for violation of a zoning ordinance. *Brown County v. Meidinger,* 271 N.W.2d 15 (S.D.1978).

Appellants, while admitting a "technical" violation of the ordinance, nonetheless contend that various equitable doctrines and defenses preclude injunctive relief in this case. Upon review of the record, we find these contentions to be without merit.

The judgment is affirmed.

All the Justices concur.