WEGNER AUTO COMPANY, INC., and
SAH Actionland, Inc., Plaintiffs
and Appellees,

v.

Armond U. BALLARD, Patricia Ann Ballard, as husband and wife, Armond Ballard, d/b/a Potter Distributing Company; and Armond U. Ballard, Patricia Ann Ballard, Armond Ballard, d/b/a Potter Distributing Company, all d/b/a Unit Can of Pierre, Defendants and Appellants.

No. 14385.

Supreme Court of South Dakota.

Considered on Briefs April 17, 1984.

Decided Aug. 15, 1984.

Robert B. Anderson of May, Adam, Gerdes & Thompson, Pierre, for plaintiffs and appellees.

John S. Lovald of Duncan, Olinger, Srstka, Lovald & Robbennolt, P.C., Pierre, for defendants and appellants.

HENDERSON, Justice.

This is a civil appeal from an order granting partial summary judgment and a permanent injunction enjoining the operation of an aluminum can shredding, compacting and recycling business. We affirm.

The parties own adjoining tracts of land within the corporate limits of the City of Pierre. Appellees, Wegner Auto Company, Inc. and SAH Actionland, Inc., conduct an automobile sales dealership and repair business on their property. From 1960 to the fall of 1982, appellants, Armond and Patricia Ballard, used their property exclusively as a headquarters and warehouse for a wholesale beer distributorship. Both of these businesses are situated next to a prominent thoroughfare in downtown Pierre. In the fall of 1982, appellants began purchasing, shredding and temporarily storing the remains of used aluminum beverage cans on their property in addition to the wholesale beer business.

Appellees filed a complaint in the circuit court on January 6, 1983. The complaint alleged, inter alia, that the can shredding business conducted by appellants was a nuisance and that it violated the zoning laws and building permit ordinances of the City of Pierre. The complaint requested that appellants be permanently enjoined from operating the aluminum can shredding business and prayed for money damages for harm caused to appellees' business as a result of the operation of the shredding facilities.

On June 17, 1983, appellees motioned for a partial summary judgment upon the above-mentioned elements of their complaint. The trial court determined there were no material facts in issue, and that the can shredding business was a violation of the zoning ordinances of the City of Pierre. Summary judgment was therefore granted to the extent that a permanent injunction was ordered enjoining the operation of that type of business by appellants.

Appellants contest the summary judgment order on appeal urging that maintenance of the aluminum can shredding device in connection with the wholesaling business does not violate the Pierre Municipal Zoning Ordinance. Further, in light of the absence of a violation, appellants contend there was no showing of irreparable harm sufficient to sustain the issuance of a permanent injunction. We disagree that no zoning violation occurred and, therefore, we need not reach the irreparable harm issue.

"Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. SDCL 15–6–56(c)." *Hurney v. Locke,* 308 N.W.2d 764, 767 (S.D. 1981); *Ruple v. Weinaug,* 328 N.W.2d 857 (S.D.1983). "In reviewing the trial court's order granting summary judgment, we premise our decision on the principle that affirmance of such a judgment is proper if there exists any basis which would support the trial court's ruling." *Uken v. Sloat,* 296 N.W.2d 540, 542 (S.D.1980).

As evidenced by the pleadings and the affidavits in the record, there was no material fact in issue with regard to the partial summary judgment motion. The trial court was faced with a question of law: Did the operation of the can shredding business violate the Pierre zoning ordinances?

Effective November 10, 1970, the revised ordinances of the City of Pierre set forth a zoning ordinance which included appellants' property in a district denominated "local business." The trial court found that maintenance of an aluminum can shredding business was not expressly enumerated in the ordinance as a principal permitted use within this district, nor was it found to have any similarity with the enumerated permitted uses. It was further found that the processing and storing of scrap metal is not in harmony with the purpose of the "local business" district, that of providing a wide range of retail and service establishments. Pierre, S.D., Rev. Ordinances, Section 12–6–202.

■ The permitted use provisions of R.O. Section 12–6–203 expressly exclude from the local business district any business specifically enumerated as a use in another district. R.O. Section 12–7–203(7) provides that a principal permitted use of the district designated as "heavy industrial" is a junkyard. R.O. Section 12–1–101(46) defines junkyard as "a place where waste, discarded or salvaged metals ... are bought ... stored, baled or cleaned and places ... for the storage of salvaged metal ...." This is precisely what appellants' aluminum can shredding and storing business entails. Therefore, it is not a permitted use within the City of Pierre's "local business" district.

■ Affidavits of two city employees in the City Engineer's office stating there was no zoning ordinance violation by appellants are not dispositive. Appellants correctly argue that in passing on the meaning of a zoning ordinance, the courts will consider and give weight to the construction of the ordinance by those administering the ordinance. State *ex rel. B'nai B'rith Foundation v. Walworth County Bd. of Adjustment,* 59 Wis.2d 296, 208 N.W.2d 113 (1973). However, "an administrative construction is not binding on the court, which is free to overrule the construction if it is deemed to be wrong or erroneous." 82 Am.Jur.2d *Zoning and Planning* § 66, at 496 (1976); *Trottier v. City of Lebanon,* 117 N.H. 148, 370 A.2d 275 (1977); *Frank's Nursery Sales v. City of Roseville,* 295 N.W.2d 604 (Minn.1980). Here, we deem it erroneous.

Appellants next assert that if not a principal permitted use, the can shredding business is still within the zoning provisions as an accessory use of the beer distributing business. An "accessory use" is defined as "a use customarily incidental to a principal permitted use or building and located on the same zoning lot with such principal use or building." R.O. Section 12–1–101(78).

■ Appellants' argument fails for the reason that the beer distributing/wholesale business is not a principal permitted use within the "local business" district. In fact, as the trial court found, it is expressly excluded by R.O. Section 12–6–204(3). However, pursuant to R.O. Section 12–1–110, the wholesaling business is allowed to continue as a nonconforming use. This is "an active and actual use of land and buildings which existed prior to the commencement of the zoning ordinance which has continued in the same or related use until the present." *City of Lake Geneva v. Smuda*, 75 Wis.2d 532, 536, 249 N.W.2d 783, 786 (1977). Thus, appellants may continue their long-standing business. We note, however, that expansion of a nonconforming use is severely restricted.

The policy towards nonconforming uses is to prevent their expansion beyond the bounds of the nonconforming use at the time of the effective date of the zoning ordinance. Even moderate expansion to meet new needs or to keep up with competition are generally not allowed. The policy aims toward eventual phaseout of nonconforming uses and seeks to do so as quickly as possible.

*Brown County v. Meidinger*, 271 N.W.2d 15, 18 (S.D.1978). The aluminum can recycling business cannot be "grandfathered" in as it did not exist before the adoption and effective date of the revised ordinances of the City of Pierre.

The trial court did not err as a matter of law in determining appellants' aluminum can shredding business was in violation of the City of Pierre's zoning ordinance. As there were no material factual issues in dispute, summary judgment was warranted. "[I]njunction is the only practical and efficient remedy for violation of a zoning ordinance," *id.* at 19; thus, we need not reach appellants' second issue.

All the Justices concur.