2002 SD 146

**CITY OF MARION, A South Dakota Municipality, Plaintiff and Appellee,**

v.

**Glen RAPP, Defendant and Appellant.**

**No. 22355.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 7, 2002.

Decided Nov. 26, 2002.

James McCulloch, Vermillion, South Dakota, Attorney for plaintiff and appellee.

Robin Jacobson Houwman of Danforth, Meierhenry & Meierhenry, Sioux Falls, South Dakota, Attorneys for defendant and appellant.

KONENKAMP, Justice.

[¶ 1.] Under South Dakota law, the lawful use of land existing at the time of the adoption of a zoning ordinance may continue as a nonconforming use, even though the use is prohibited by the zoning ordinance. Here, the owner of a house trailer, constituting a nonconforming use in an area not zoned for trailers, replaced his trailer with a larger one. He was found guilty of violating a city zoning regulation and appeals. Can an owner who removes a house trailer and replaces it with a larger one continue the nonconforming use of the property as a house trailer site? Because the city regulations clearly prohibit either moving or enlarging a nonconforming structure, and state law neither overrides nor contradicts the city's zoning law, we affirm.

### Background

[¶ 2.] For many years, Glen Rapp has had two trailer homes on his property in the City of Marion, South Dakota. In June 1997, the city adopted a comprehensive zoning plan. *See* SDCL 11–4–3 and SDCL 11–6–14 through 11–6–18. Then the city enacted zoning regulations effective November 1997. Rapp's property became part of a residential district. Thereafter, the placement of a house trailer (manufactured home) outside a trailer home park was no longer permitted. Con-

sequently, Rapp's use of the property for a house trailer site fell under the nonconforming use provisions in the city's zoning regulations. *See* Marion, SD, Zoning Ordinances & Subdivision Regulations, art. 3, ch. 3.02(D)-(F). So long as the "use or structure" was not "enlarged, moved, or structurally altered," the regulations allowed Rapp to continue to use the property as he had in the past.

[¶ 3.] On July 19, 2000, Rapp arranged for one of the two trailers to be removed and replaced with another one. The dimensions of the replacement were 16 by 76 feet. The previous trailer was 14 by 70 feet. The larger replacement home encroached on the public right-of-way. It also violated city setback requirements and extended over the city's only water shutoff valve on the property.

[¶ 4.] Rapp was cited for a city zoning violation. The complaint alleged that "Glen Rapp did allow the placing of a manufactured home outside an approved manufactured home park in the city of Marion, in violation of Marion Zoning Regulations 3.01.05, a class 2 misdemeanor." Following a trial in magistrate court, Rapp was found guilty. He appealed to the circuit court on stipulated facts. That court affirmed, and Rapp now appeals to this Court on the following issues: (1) "Whether the circuit court erred in affirming the decision of the magistrate court?" (2) "Whether the circuit court erred in not applying SDCL 11-6-39 to the present case?" For ease of analysis, we examine these issues concurrently.

### Analysis and Decision

[¶ 5.] In this criminal appeal, the parties stipulated to the facts after the magistrate's finding of guilt. Thus, we review the magistrate's findings de novo, using the stipulated facts. We interpret zoning laws according to the rules of statutory construction and any rules of construction included in the enactments themselves. *Cole v. Board of Adjustment of City of Huron*, 2000 SD 119, ¶ 7, 616 N.W.2d 483, 485; *Cordell v. Codington County*, 526 N.W.2d 115, 117 (S.D.1994). The interpretation of an ordinance presents a question of law reviewable de novo. *Even v. City of Parker*, 1999 SD 72, ¶ 8, 597 N.W.2d 670, 673 (citations omitted).

[¶ 6.] As it relates to this case, a "nonconforming use" occurs when the size, use, or location of a structure, lawful before the adoption or amendment of a zoning ordinance, becomes out of compliance because of such adoption or amendment. Black's Law Dictionary 1051 (6th ed.1990).[1] Zoning laws may not operate retroactively to deprive property owners of prior vested rights by preventing a use that was lawful before the enactment of the zoning laws. Accordingly, under South Dakota law, the lawful use of property existing at the time of the adoption of a city zoning ordinance may continue, even though the use does not conform to the provisions of the new zoning ordinance. SDCL 11-6-39. Municipalities may impose restrictions on nonconforming uses, however, by limiting the change of use and prohibiting the enlargement or extension of nonconforming structures. *Brown County v. Meidinger*, 271 N.W.2d 15, 18-19 (S.D.1978). State law also circumscribes the duration of nonconforming uses when the use is discontinued for more than one year. SDCL 11-6-39. Marion's zon-

---

1. Likewise, § 2.20 of the Marion Zoning Ordinances and Regulations defines nonconforming use as "[a]ny building or land lawfully occupied by a use at the time of the passage of this ordinance or amendment which does not conform after the passage of this ordinance or amendment with the use regulation of the district in which it is situated."

ing ordinance provides for the same one-year period. *See* chapter 3.02(D).[2]

■ [¶ 7.] Our decision in *Meidinger* acknowledged that, while safeguarding the rights of property owners, nonconforming uses should inevitably end because they are inconsistent with current zoning. *Id.* at 18 (citations omitted). Consequently, zoning laws seek to restrict nonconforming uses and secure their eventual elimination. *Id.* The policy is to prevent expansion of nonconforming uses. *Id.*

[¶ 8.] In his findings, the magistrate ruled that when Rapp moved his house trailer off the premises, the property lost its nonconforming use status for that house trailer and any replacement trailer. Indeed, the city's ordinance states without ambiguity that "[n]o existing nonconforming use or structure shall be enlarged, *moved,* or structurally altered except to change to a permitted use." Marion, SD, Zoning Ordinances & Subdivision Regulations, art. 3, ch. 3.02(F) (emphasis added).[3] The trailer lost its nonconforming use status after Rapp moved it off his property. When he moved another trailer onto the lot, he violated the city zoning laws.

[¶ 9.] Similarly, in *Inhabitants of Town of Windham v. Sprague,* 219 A.2d 548 (Me.1966), Maine's highest court ruled that the removal of a house trailer, a noncon-

forming use, and the replacement of it with another trailer violated a town zoning ordinance. The court reasoned that if it were proper to replace the old trailer with a new one, the life of the nonconforming use would be indefinitely prolonged, contradicting the spirit of such ordinances, namely, the eventual elimination of the nonconforming use. *Id.* at 551.

■ [¶ 10.] Rapp argues that the replacement trailer constituted a "substantially similar" use, citing *Bonaventure Intern., Inc. v. Borough of Spring Lake,* 350 N.J.Super. 420, 795 A.2d 895, 902 (2002) (expanded food service seating). As we explained, however, once the old trailer was moved off the lot, the nonconforming use ended. No nonconforming structure could replace it. Yet, even if we were to ignore the *moving* prohibition in Marion's ordinance, that same ordinance also prohibits *enlarging* a nonconforming use or structure. Replacing the old 14 by 70 foot trailer with a 16 by 76 foot trailer is an enlargement of a pre-existing nonconforming structure. In *Bixler,* 188 So.2d 681, a Florida appellate court likewise ruled that the replacement of a trailer home with a larger one constituted a prohibited enlargement of a nonconforming structure. Rapp's replacement trailer was two feet wider and six feet longer.[4] This larger trailer encroached on the public right-of-

---

**2.** Generally, "in an accepted sense, a trailer house is a structure." *City of Sioux Falls v. Cleveland,* 75 S.D. 548, 70 N.W.2d 62, 64 (1955). "A trailer placed on land for use as a dwelling is a structure." *Bixler v. Pierson,* 188 So.2d 681, 682 (Fla.Dist.Ct.App.1966).

**3.** The full text of the regulations in question provide:

　(D) When a nonconforming use or structure is discontinued for a period of 1 year, it shall not be continued unless in conformance with the requirements of this ordinance.

　　　　　* * *

　(F) No existing nonconforming use or structure shall be enlarged, moved, or

structurally altered except to change to a permitted use. This is not to include normal repairs and maintenance which do not enlarge, move or structurally alter a nonconforming use.

*See* Marion, SD, Zoning Ordinances & Subdivision Regulations, art. 3, ch. 3.02(D), (F).

**4.** *See also Mossman v. City of Columbus,* 234 Neb. 78, 449 N.W.2d 214 (1989) (replacement of original trailer home with another trailer

way and extended over the city's water shutoff valve.

[¶ 11.] Rapp nonetheless believes that he can remove a nonconforming structure and replace it with a larger structure and simultaneously preserve the nonconforming use by reliance on the one year discontinued use provision of SDCL 11–6–39. That statute provides in part:

> the lawful use of land or premises existing at the time of the adoption of the zoning ordinance may be continued, even though the use, lot, or occupancy does not conform to the provisions of the zoning ordinance. If the nonconforming use is discontinued for a period of more than one year, any subsequent use, lot, or occupancy of the land or premises shall be in conformance with such regulation.

SDCL 11–6–39. Rapp interprets this statute to mean that the only way a nonconforming use can end is for the owner to discontinue it for more than a year.

[¶ 12.] SDCL 11–4–6 resolves any inconsistency between municipal zoning regulations and state statutes in favor of the provision having the more stringent regulation. The statute provides in part:

> Wherever the provisions of any other statute or local ordinance or regulation require a greater width or size of yards, courts, or other open spaces ... or other higher standards than are required by the regulations made under authority of this chapter, the provisions of such statute or local ordinance or regulation shall govern.

home constituted a "structural alteration" under zoning ordinance permitting nonconforming use only if no structural alterations were made).

SDCL 11–4–6. Thus, even if SDCL 11–6–39 can be read to contradict Marion's regulations, the city regulations, being more restrictive, override state law in this instance.

[¶ 13.] Finding no error, we affirm the magistrate's judgment that Rapp violated the zoning regulations.[5]

[¶ 14.] GILBERTSON, Chief Justice, and SABERS and ZINTER, Justices, and AMUNDSON, Retired Justice, concur.

[¶ 15.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

5. Rapp also contends that *res judicata* applies because of a previous decision in 1995 regarding a different trailer home and different zoning regulations. We find this argument meritless.