#24278-a-ERICKSON, Circuit Judge
**2007 SD 94**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

CITY OF PLATTE, SOUTH DAKOTA,       Plaintiff and Appellee,

v.

JERRY OVERWEG AND
MYRNA OVERWEG,       Defendants and Appellants.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
CHARLES MIX COUNTY, SOUTH DAKOTA

* * * *

HONORABLE LEE D. ANDERSON
Judge

* * * *

TIMOTHY R. WHALEN of
Whalen Law Office PC       Attorneys for plaintiff
Lake Andes, South Dakota       and appellee.

PATRICK J. GLOVER of
Danforth & Meierhenry LLP       Attorneys for defendant
Sioux Falls, South Dakota       and appellant.

* * * *

CONSIDERED ON BRIEFS
ON MAY 21, 2007

OPINION FILED 8/29/07

#24278

ERICKSON, Circuit Judge

[¶1.] The City of Platte (City) sought and received an injunction enjoining Jerry and Myrna Overweg (Overweg) from using their property for an automobile and glass repair business. Overweg appeals. We affirm.

FACTS

[¶2.] Overweg is a resident of Platte, South Dakota. Jerry Overweg was employed at the local Ford dealership and garage on a full-time basis. In 1994, he obtained a sales tax license and began moonlighting doing minor starter and alternator repairs from his garage on property not subject to this action.

[¶3.] In 1997, the City began requiring residents to secure a building permit before engaging in any construction activity. Prior to 1997, the City had a zoning ordinance. This zoning ordinance was neither valid nor enforceable because it was enacted without a comprehensive plan being in place. On July 7, 1997, the City adopted a comprehensive plan. Pursuant to this plan, the City enacted a zoning ordinance on November 1, 1999. The zoning ordinance permits certain non-conforming uses that were in effect on the date the zoning ordinance was enacted; however, the non-conforming uses were not to be enlarged upon, expanded or extended.

[¶4.] On June 23, 1997, Jerry Overweg received a building permit for a 36' x 50' x 14' metal garage on the property subject to this action. Overweg told the City Council that the permit was for residential purposes. He then constructed the metal garage and, later, their home.

[¶5.] The location of the Overweg home and the metal garage are in an R-1 District according to the 1999 zoning ordinance. The R-1 District is for residential

use only.  The R-1 District does not permit any structure to be used for commercial garages or automobile repair shops.

[¶6.]        Prior to July 31, 2001, Jerry Overweg filed sales and use tax reports with the South Dakota Department of Revenue every six months for work he did out of his prior garage and his new metal garage.  During 1998 through 1999 the gross revenues from Overweg's repair business were less than $800.  In 2000, the sales tax reports show an increase in gross revenues.

[¶7.]        On or about April 1, 2001, Overweg terminated his employment with the local Ford garage.  He then engaged in the automotive and repair business full-time under the name of Overweg Glass and Auto Repair.  The business was located in his metal garage.

[¶8.]        Overweg agrees that the business violates the current zoning ordinance; however, Overweg contends that the business is grandfathered in under the non-conforming use provisions of the ordinance.

[¶9.]        The circuit court held that Overweg's prior use of the property for automobile repair was sporadic, limited and occasional.  It further held that the use of the property as an automotive repair business cannot be grandfathered in under the City's current zoning ordinance because "the use from and after 2001 to the present is a different use and a significant expansion of the prior use, and not merely an intensification of a prior use."  The circuit court also found that the current use as a glass repair and automotive repair business is illegal and in violation of the current zoning ordinance.

STANDARD OF REVIEW

[¶10.]     The standard of review is set forth in SDCL 15-6-52(a).  It provides

that the findings of the trial court "may not be set aside unless clearly erroneous,

and due regard shall be given to the opportunity of the trial court to judge the

credibility of the witnesses."  The trial court's findings of fact "will not be disturbed

unless . . . [the Supreme Court] . . . is left with a definite and firm conviction that

an error was made."  Crisman v. Determan Chiropractic, Inc., 2004 SD 103, ¶ 13,

687 NW2d 507.

ISSUES

> Whether Overweg's use of the property prior to the
> enactment of the zoning ordinance was sufficient to
> establish it as a non-conforming use.
>
> Whether Overweg's use of the property after the City
> enacted its zoning ordinance constituted either a
> different, enlarged, and/or expanded use of their property.
>
> Whether Overweg's current use of the property is a
> violation of the City's Zoning Ordinance.

DECISION

ISSUE

[¶11.]     **Whether Overweg's use of the property prior to the enactment
of the zoning ordinance was sufficient to establish it as a non-conforming
use.**

[¶12.]     In Brown County v. Meidinger, 271 NW2d 15, 18 (SD 1978) this Court

addressed the issue of the grandfathering of non-conforming uses.  This Court found

that the appellant has the burden of proving that any prior non-conforming use

was, in fact, used for such non-conforming use and was not "a very minimal and

sporadic use, incapable of sufficiently exact determination to accord it any

grandfather rights." *Id.* Further, this Court found that an ordinance "is to be, and should be, strictly construed and any provisions limiting nonconforming uses should be liberally construed." *Id.*

[¶13.] Overweg's moonlighting business was originally started at a previous residence as a part-time business doing minor starter and alternator repairs. In 1997 Overweg applied for and received a building permit for a metal garage for residential purposes on the current property. Initially, the metal garage was used for storage of vehicles, recreational equipment and building supplies while the Overweg's new home was constructed. The zoning ordinance went into effect November 1, 1999. On or about April 1, 2001, Overweg terminated his primary employment at the Ford garage and began operating Overweg Glass and Auto Repair from his new home and the metal storage garage.

[¶14.] Based on *Meidinger, supra,* the trial court was not clearly erroneous when it concluded that prior to the enactment of the zoning ordinance Overweg's use of the metal garage for a repair business was minimal and sporadic. At the time Overweg started using the metal garage to conduct his glass and auto repair business he was employed full time for the Ford Garage. The family moved to the new home near the metal garage in January 1999. During the first six months of 1999 Overweg had $114 in income from the repairs being done in the metal garage. During the second six months of 1999 that amount increased to $163.85. In late 2000 or early 2001 Overweg quit moonlighting in vehicle repair at the request of his employer for at least two months. During the first part of 2001 Overweg did very little repair work while his new residence was being constructed at this site. It was

not until May 2001, well after the November 1, 1999 enactment date of the ordinance, that Overweg quit his job with Ford and began working full-time at the metal garage repairing vehicles.

[¶15.]    Overweg has the burden "to clearly establish the prior use to avail himself of the 'grandfather rights.'" *Meidinger,* 271 NW2d at 18. This Overweg failed to do. Prior to enactment of the zoning ordinance, the use of this metal garage for glass and auto repair was very minimal and sporadic and, incapable of sufficiently exact determination to accord it any grandfather rights.

[¶16.]    As a result of this decision, we need not address the two remaining issues.

[¶17.]    GILBERTSON, Chief Justice, and SABERS, KONENKAMP and ZINTER, Justices, concur.

[¶18.]    ERICKSON, Circuit Judge, for MEIERHENRY, Justice, disqualified.